United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE NO. 3 RE ESI CUSTODIANS AND SEARCH TERMS**<br><br>Re: Dkt. No. 62 |

Plaintiffs seek an order requiring defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL") to identify relevant custodians and conduct searches for responsive electronically stored information ("ESI"). HCL opposes this request on the ground that plaintiffs have identified too many custodians and unreasonably broad search terms. Each side faults the other for not cooperating in the selection of custodians and search terms.

As recounted in their joint discovery dispute submission and accompanying status report, the parties and the Court have discussed discovery of ESI custodians on several occasions. The Court deems the present dispute suitable for resolution without oral argument. Civ. L.R. 7-1(b).

**ESI Custodians**

Plaintiffs contend that HCL has not identified the individual employees who are likely to have discoverable information, and as a result, plaintiffs have been unable to identify all relevant ESI custodians. Based on the information they have, plaintiffs have proposed a list of over 30 custodians, identified by name or by position. Dkt. No. 56-1. HCL suggests that this list should be limited to seven custodians.

On November 25, 2019, pursuant to the parties' stipulation, the Court ordered HCL to identify individuals who may have information relevant to this case, as follows:

> HCL will produce organizational charts that identify the senior manager for the Immigration, TAG, WPC, and HR departments, as well as any other relevant department, those manager's direct reports, and all executives above the senior managers in the reporting chain. If organizational charts are not available, HCL will otherwise identify these individuals. HCL will produce these materials and/or identify relevant individuals by December 9, [2019].

Dkt. No. 55 at 3 (emphasis in original).[1] HCL concedes that it has not fully complied with this order, as it now proposes to identify the U.S. heads[2] of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward by *January 17, 2020*—more than a month after it was required to provide this information. Dkt. No. 62 at 7. HCL does not explain its failure to comply with the order. However, it does object that plaintiffs' list of more 30 potential custodians is disproportionate to the needs of the case.

The Court agrees that 30+ custodians is an unusually large number of custodians, but HCL bears significant responsibility for the length of plaintiffs' custodians list because it failed to timely provide information that might have permitted the parties to narrow the list. To resolve this portion of the parties' dispute, the Court orders as follows:

1. HCL must identify all the U.S. heads of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward by **January 9, 2020**.

2. Plaintiffs may identify the following custodians whose records will be searched by HCL for responsive ESI:

   a. Any person who was the U.S. head of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward; and

   b. Up to 10 additional individual custodians, identified by name or position, as to whom plaintiffs have a factual basis to believe that the custodian has relevant and responsive information.

3. Absent agreement of the parties, HCL will not be required to search for responsive ESI in the files of any additional custodian unless plaintiffs can show specifically that such

---

[1] The relevant time period for discovery is January 1, 2014 to the present. Dkt. No. 55 at 2.
[2] It is unclear to the Court whether the parties use the term "head" and "senior manager" interchangeably, but because both sides use the term "head" in their discovery dispute submission, the Court will adopt the parties' terminology here.

2

additional custodian has relevant ESI and that requiring HCL to search that custodian's ESI is proportional to the needs of the case. In evaluating any such further request, the Court will consider shifting the cost of additional searching to plaintiffs.

4. HCL shall file a declaration of counsel no later than **January 15, 2020** either attesting to HCL's full compliance with the portion of the Court's November 25, 2019 order quoted above, or it shall file a statement explaining why it should not be sanctioned for its failure to comply with that portion of the order.

**ESI Search Terms**

The parties appear to have made even less progress with respect to the development of a list of viable search terms. HCL contends that plaintiffs' search terms are unreasonably broad, particularly because they include standalone terms, such as "policy" and "procedure," that are likely to produce an excessive number of false positive hits. Plaintiffs do not address this issue at all, except to propose a schedule for further discussion between the parties.

The Court agrees with HCL that plaintiffs' current list of search terms (Dkt. No. 56-1) includes many standalone terms that are likely to result in an excessive number of hits on non-responsive documents; the list is not reasonable and targeted, as plaintiffs claim. As the parties are already engaged in efforts to assess the viability of certain search terms against a few test custodians, the Court will not disrupt that effort. However, the parties must complete their negotiation of search terms according the following schedule, unless they stipulate otherwise:

1. HCL will disclose to plaintiffs the "hit report" for search terms applied to the ESI of the first three custodians to which the parties have already agreed by **January 21, 2020**.
2. HCL will provide a counter-proposal regarding ESI search terms by **January 24, 2020**.
3. If plaintiffs do not accept HCL's counter-proposal, plaintiffs may provide a revised proposal regarding ESI search terms by **January 28, 2020**.
4. If a dispute remains, the parties shall confer in person or by telephone about search terms no later than **January 31, 2020** and attempt to resolve their dispute.
5. If, after the parties have conferred, a dispute remains, they may file a joint discovery

3

dispute letter regarding the dispute by **February 7, 2020**.

**IT IS SO ORDERED.**

Dated: January 7, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4