1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
SARAH ZENEWICZ, CA Bar No. 258068
sarah.zenewicz@ogletree.com
ROSHNI C. KAPOOR, CA Bar No. 310612
roshni.kapoor@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendants
HCL TECHNOLOGIES LTD. and HCL
AMERICA INC.

Daniel Low, CA Bar No. 218387
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Facsimile: (202) 280-1128

Attorneys for Plaintiffs and Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GREGORY HANDLOSER and CERAFIN
CASTILLO,

                 Plaintiffs,

          v.

HCL TECHNOLOGIES LTD. and HCL
AMERICA, INC.,

                 Defendant.

Case No. 5:19-cv-01242-LHK (VKD)

CLASS ACTION

**DISCOVERY LETTER BRIEF NO. 4
REGARDING PLAINTIFFS'
INTERROGATORIES 1 & 2, SET 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCOVERY LETTER BRIEF NO. 4**
**REGARDING PLAINTIFFS' INTERROGATORIES 1 & 2, SET 2**

**i.    Statement of Dispute**

     *a)    Plaintiffs' Position*

     The Court should overrule HCL's objections to two interrogatories regarding its affirmative action obligations and efforts. Federal regulations require HCL, a federal contractor, to prepare affirmative action programs "to ensure equal employment opportunity" throughout "every aspect of the employment process." 41 C.F.R. part 60-2(a)(1)-(2). HCL has apparently ignored these requirements, a failure that courts have found indicative of discriminatory intent. Rather than admit this bad fact, HCL has refused to answer Plaintiffs' interrogatories regarding its affirmative action obligations and efforts, asserting meritless and boilerplate objections.

     *b)    Defendants' Position*

     The Court should deny Plaintiffs' efforts to conduct side litigation over whether HCL should have prepared affirmative action plans under federal regulations that are not at issue in this case.  Weeks ago, HCL stipulated that "no affirmative action plans exists."  (EFC # 55, p. 3).  This Court confirmed the stipulation by order.  Id.   HCL will amend its interrogatory to re-confirm the stipulation -- that no affirmative action plans exist -- but the Court should deny Plaintiffs' effort to require HCL to undertake an extensive legal analysis into whether a complex set of federal regulations has ever applied to HCL's business, the trigger for any obligation under the regulations, and the nature and scope of the obligations  The regulations at issue, 41 C.F.R. Chapter 60, are not mentioned in the complaint, and are not at issue in the case.

**ii.    Party Positions Regarding Dispute**

     *a)    Plaintiffs' Position*

     <u>Background</u>

     Federal contractors and subcontractors with contracts worth at least $50,000 must develop affirmative action programs. 41 C.F.R. § 60-2.1(b), (d). These programs must contain detailed analyses of the employer's workforce compared to the available labor market, an assessment of problem areas, placement goals, and other requirements. § 60-2.10(a)(1), (b). These programs are

"tool[s] designed to ensure equal employment opportunity" in "every aspect of the employment process" including recruitment and hiring. § 60-2.10(a)(1)-(3).

> A central premise underlying affirmative action is that, absent discrimination, over time a contractor's workforce, generally, will reflect the gender, racial and ethnic profile of the labor pools from which the contractor recruits and selects.

§ 60-2.10(a)(1). Thus, if certain demographic groups "are not being employed at a rate to be expected given their availability in the relevant labor pool, the contractor's affirmative action program includes specific practical steps designed to address this underutilization." *Id.*

On June 18, 2019, Plaintiffs issued an RFP for HCL's affirmative action programs. ECF 46-1 at RFP 8. After Plaintiffs moved to compel, HCL informed Plaintiffs that it had no such programs but refused to confirm this under oath. ECF 48 at 8:1-3.

Accordingly, on December 6, Plaintiffs issued the following interrogatories:

> Describe HCL's U.S. affirmative action and employment diversity efforts, including but not limited to: (1) what the efforts were, (2) whether and to what extent the efforts were successful, (3) the start and end dates of the efforts, (4) the identities of the individuals, departments, and third-party vendors involved in the efforts, and (5) whether, for what years, and for what locations HCL prepared affirmative action programs of the type required by 41 C.F.R. part 60-2.

Interrog. 1, Set 2 (**Ex. A**).

> Describe HCL's federal affirmative action obligations, including but not limited to: (1) the years in which HCL was obliged to comply with 41 C.F.R. part 60-2's affirmative action requirements, and (2) why the affirmative action requirements of 41 C.F.R. part 60-2 did not apply to HCL for any year in which you contend that they did not apply.

Interrog. 2, Set 2 (**Ex. A**).

On January 6, HCL served its responses, refusing to answer either interrogatory and asserting meritless objections, including ten "general objections" and several other boilerplate objections. Resps. To Set 2 (**Ex. B**). The parties met and conferred on January 13 but were unable to resolve their dispute. Below, HCL agrees to provide an amended response only to Interrogatory 1.

*Legal Standard*

"Discovery should be allowed unless the information sought has 'no conceivable bearing on the case.'" *BrightEdge Techs., Inc. v. Searchmetrics GmbH*, 2017 U.S. Dist. LEXIS 185502, at *4 (N.D. Cal. Nov. 8, 2017). "[T]he party opposing discovery has the burden of showing that discovery

1  should not be allowed, and also has the burden of clarifying, explaining[,] and supporting its

2  objections with competent evidence." *Id.* at *5.

3          An interrogatory may inquire into any matter that is relevant and proportional. Fed.R.Civ.P.

4  33(a)(2) (incorporating Fed.R.Civ.P. 26(b)). To the extent not objected to, interrogatories must be

5  answered fully, in writing, and under oath. *Razavi v. Abbott Labs.*, 2019 U.S. Dist. LEXIS 36117, at

6  *4 (N.D. Cal. Mar. 6, 2019) (citing Fed.R.Civ.P. 33(b)(3)-(4)).

7          Objections must be stated with specificity. Fed.R.Civ.P. 33(b)(4). Boilerplate objections—

8  stating the legal grounds for the objection without specifying how the interrogatory is deficient or

9  stating the harm from being forced to respond—are waived. *Gersh v. Anglin*, 2019 U.S. Dist. LEXIS

10  9326, at *10-11 (D. Mont. Jan. 18, 2019); *Hardy v. Davis*, No. 2:13-cv-0726 JAM DB, 2017 U.S.

11  Dist. LEXIS 14138, at *8 n.1 (E.D. Cal. Feb. 1, 2017). Likewise, objections not stated in initial

12  responses are waived. Fed. R. Civ. P. 33(b)(4); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D.

13  276, 281 (N.D. Cal. 2015)).

14          *Argument*

15          Relevance: HCL's affirmative action efforts—or lack thereof—are highly relevant to

16  Plaintiffs' claims. Plaintiffs allege that HCL engages in a pattern-or-practice of intentional

17  discrimination. *Teamsters v. United States*, 431 U.S. 324, 335 & n.15 (1977). This has resulted in a

18  workforce that is 70% Indian in a labor market that is only 12% Indian. 2d. Am. Compl. ¶ 1 (ECF

19  40). The affirmative action regulations are designed to identify and correct imbalances of this type.

20  § 60-2.10(a)(1).

21          Evidence that an employer has failed to comply with its affirmative action obligations is

22  "highly relevant and probative" of discriminatory intent. *Gonzales v. Police Dep't, San Jose*, 901

23  F.2d 758, 761 (9th Cir. 1990); *Osei-Buckle v. Laidlaw Transit*, 1998 U.S. App. LEXIS 21166, at *5

24  (9th Cir. Aug. 27, 1998) ("employer's violation of its affirmative action plan is clearly 'relevant to

25  discerning the Company's attitude regarding race'"); *Craik v. Minn. State Univ. Bd.*, 731 F.2d 465,

26  472 (8th Cir. 1984) ("evidence that an employer has failed to live up to an affirmative-action plan is

27  relevant to the question of discriminatory intent"); *Butler v. Home Depot*, 984 F. Supp. 1257, 1261

28  (N.D. Cal. 1997).

In *Gonzales* for instance, the plaintiff presented evidence that the defendant had repeatedly failed to comply with a mandatory affirmative action plan. 901 F.2d at 760. The trial court failed to consider this evidence and the Ninth Circuit reversed because it was "highly relevant and probative" of discriminatory intent. *Id.* at 761.

Here, despite having a highly imbalanced workforce, HCL appears to have completely flouted its federally-mandated obligations to prepare affirmative action programs. If true, this would be highly probative of HCL's discriminatory intent. *Id.* And any proffered excuses for failing to comply with its obligations are likewise relevant—the less plausible the explanations, the more likely the employer was operating with discriminatory intent. *See Craik*, 731 F.2d at 472-73 (finding defendant's excuses "untenable," "lame," and "inadequate" and thus further indicative of discriminatory intent).

*Interrogatory 1*

The Court should order HCL to fully respond to Interrogatory 1 within one week.

*Interrogatory 2*

Proportionality: HCL's response to Interrogatory 2 contained only boilerplate proportionality and burden objections rendering them waived.  Fed.R.Civ.P. 33(b)(4); *Gersh*, 2019 U.S. Dist. LEXIS 9326, at *10-11.

Even if considered, the Court should overrule these objections. The relevant regulations are not complicated: § 60-2.1(b), which governs "[w]ho must develop affirmative action programs" under part 60-2, provides, in relevant part, that a federal non-construction contractor or subcontractor must prepare an affirmative program if it has a contract worth at least $50,000. § 60-2.1(b)(1), (b)(2). HCL is already required to make this determination on a yearly basis. § 60-2.1(c). And even if it has not done the analysis as required, there is little burden in conducting it now, as it would simply require HCL to determine the value of its federal contracts.

And while HCL raises the specter of regulations related to construction contractors and contractors providing services to disabled veterans below (41 C.F.R. § 60-4.1; 41 C.F.R. § 60-300.4), this argument is waived, as it was not contained in its response. Moreover, HCL can readily determine it does not provide the government construction or veteran services. Finally, HCL's

objection to regulations beyond 41 C.F.R. **part 60-2** (the only part specifically identified in the interrogatory), is no justification for its failure to provide any response at all. 8B FEDERAL PRACTICE & PROCEDURE § 2173 (3d ed.) ("a party['s] objection to part of one interrogatory is no reason to defer answering the rest."); Fed.R.Civ.P. 33(b)(3).

Contention Interrogatory: HCL asserts that Interrogatory 2 is an improper contention interrogatory. But because HCL "never objected to the interrogatory as being an improper contention interrogatory . . . [HCL] waived the objection." *Vendavo, Inc. v. Price f(x) AG*, 2019 U.S. Dist. LEXIS 76387, at *11 (N.D. Cal. May 6, 2019).

Moreover, an interrogatory is not objectionable merely because it asks for "the application of law to fact." Fed.R.Civ.P. 33(a)(2). Here, Plaintiffs have identified the specific regulations and have simply asked whether they applied to HCL (e.g., whether HCL was a contractor with contracts worth at least $50,000). If HCL contends it was not required to comply, it should explain why. *See AngioScore, Inc. v. TriReme Med., Inc.*, 2014 U.S. Dist. LEXIS 173700, at *25-26 (N.D. Cal. Dec. 16, 2014). Whether that explanation is plausible or "lame" will further indicate its discriminatory intent. *See Craik*, 731 F.2d at 472-73. An answer to that second question is particularly important because, when Plaintiffs present evidence at trial that HCL failed to prepare required programs, HCL will almost certainly seek to introduce rebuttal evidence excusing its failure. But "[t]rial by surprise is no longer countenanced." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1140 (9th Cir. 2006).

Privilege/Work-Product: Finally, HCL asserts that Interrogatory 2 is improper because its analysis under § 60-2 would be privileged or work product. But "generalized claims of privilege or work product protection are not permitted." Standing Order § 4. HCL's boilerplate objections do not "enable other parties to assess the claim," Fed.R.Civ.P. 26(b)(5)(A)(ii), and should be found waived or rejected. For instance, HCL fails to identify any lawyers involved or their communications. HCL's work product claim is misplaced because Rule 33 expressly permits interrogatories seeking "the application of law to fact."

### b)     *Defendants' Position*

HCL has acknowledged it does not have affirmative action plans. (EFC No. 55, p. 3).   HCL

1  can, therefore, provide no further statement regarding such plans in response to Interrogatory 1.[1]

2  Interrogatory 2 asks HCL to undertake a complicated legal analysis of its historical contracts and

3  then "describe HCL's federal affirmative action obligations."  The Court should deny plaintiffs'

4  request that HCL undertake this review.  The information is irrelevant to the claims in this case.  In

5  addition, the effort required to answer this interrogatory is  massively disproportionate to the needs

6  of the case because the interrogatory would require HCL to conduct a full-scale audit in order to

7  provide an answer.  What is more, the interrogatory improperly requires HCL to render a legal

8  opinion under oath at the end of this audit, in violation of privilege and work-product protections.

9  Finally, Interrogatory 2 is not a proper contention interrogatory.

10        *Proportionality*

11        "Discovery is allowed on matters that are relevant to a party's claim or defense and

12  proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1).  In assessing proportionality, the Court

13  may consider "the importance of the issues at stake in the action, the amount in controversy, the

14  parties' relative access to relevant information, the parties' resources, the importance of the

15  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

16  outweighs its likely benefit."  *Id*.

17        The regulations at 41 C.F.R. Chapter 60 are complex.  They span over 150 pages in the

18  printed volume of the Code of Federal Regulations and have been interpreted and applied by courts

19  and administrative agencies over the years.  The obligations imposed by the regulations are broad.

20  There are multiple ways an employer may come to be covered under the regulations (*see, e.g.*, 41

21  C.F.R. § 60-2.1; 41 C.F.R. § 60-4.1; 41 C.F.R. § 60-300.4), multiple obligations that arise for

22  covered employers (*see, e.g.*, 41 C.F.R. § 60-1.7; 41 C.F.R. § 60-300.5), and multiple means of

23  complying.  *See, e.g.*, 41 C.F.R. § 60-2.10 et seq.  Interrogatory 2 thus improperly seeks to have

24  HCL review and recite those regulations.  To the extent plaintiffs want a summary of the regulations,

25  Plaintiffs may prepare their own summary at their own expense.  To the extent plaintiffs want HCL

26  to perform a retrospective audit and provide conclusions, the interrogatory seeks irrelevant

27

28  [1] HCL's amended response to Interrogatory 1, in addition to confirming that HCL does not have affirmative action plans, will describe HCL's diversity and inclusion policies and programs.   HCL anticipates serving the amended response within a week.

1  information far exceeding the bounds of Rule 26 proportionality, and the interrogatory is not a proper

2  contention interrogatory, as discussed below.

3      Contrary to Plaintiffs' argument, Plaintiffs did *not* limit Interrogatory 2 to a specific part of

4  42 C.F.R. Chapter 60.   By its terms, Interrogatory 2 covers *all* "federal affirmative action

5  obligations."   Interrogatory 2  identifies "part 60-2," but it does so only after the classic, lawyerly

6  qualifier: "including but not limited to."   *See* Ex. B, p. 5.   As a result, Interrogatory 2 covers all

7  federal affirmative action obligations. Plaintiffs err in suggesting the interrogatory presents the

8  simple question of whether HCL has ever had a federal contract in excess of $50,000.    The

9  interrogatory's express scope -- all "federal affirmative action obligations" -- implicates all of the

10  coverage, obligation, and compliance regulations HCL cites in the preceding paragraph, and more.

11      *Relevance*

12      This case is not about whether HCL is a federal contractor.  The complaint does not assert a

13  claim that federal affirmative action regulations obligated HCL to prepare affirmative action plans

14  or that HCL failed to comply.  Instead, Plaintiffs claim that HCL's employment practices had a

15  disparate impact on non-South Asian applicants and employees, and that HCL intentionally

16  discriminated against non-South Asians.  (EFC No. 4).  But hypothetical affirmative action plans

17  that may or may not have addressed HCL's non-South Asian demographics lack any probative value

18  about whether HCL has in fact discriminated against non-South Asians.

19      Plaintiffs cite *Gonzales*, *Craik*, and *Butler*, for the proposition that an employer's failure to

20  comply with its affirmative action "obligations" is evidence of discriminatory intent.    Plaintiffs

21  misconstrue the holdings of those cases.  Those cases did not discuss the probative value of an alleged

22  failure to comply with a regulation like 41 C.F.R. Chapter 60.  Instead, each case discussed the

23  relevance of the employers' failure to comply with its own, *existing* affirmative action plans.  In each

24  case, the employer had a plan in place and allegedly failed to comply.  Here, no plans exist.  To the

25  extent Plaintiffs hope to show that HCL should have had a plan in place, that is not relevant to this

26  case nor a cognizable legal claim by an applicant.  Even assuming such an inquiry was relevant, a

27  general failure to comply with a regulation is far different from a knowing failure to abide by an

28  existing plan for purposes of deterring discriminatory intent.  A general failure to act is not probative

of intent at all.

*The Interrogatory is not a Proper Contention Interrogatory*

Plaintiffs also cite the familiar language in Fed.R.Civ.P. 33(a)(2) governing contention interrogatories.  A contention interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  Fed.R.Civ.P. 33(a)(2). This language does not help plaintiffs.  Proper contention interrogatories "seek to discover the factual basis for allegations *in a complaint*."  *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008).

Contention interrogatories, especially before completion of discovery, should "contribute meaningfully to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56.  *Id. See also Grouse River Outfitters Ltd. v. Netsuite, Inc.*, 2017 WL 1330202, at *1 (N.D. Cal. Apr. 6, 2017).  Here, Interrogatory 2, neither relates to "the factual basis . . . in a complaint", nor narrows the issues.  Instead, the interrogatory requires HCL to apply the law to an issue raised nowhere in the complaint or in any affirmative defense.

Rather than narrow issues, Interrogatory 2 broadens issues, opening a new front of litigation over 41 C.F.R. Chapter 60.  Whether HCL had obligations under those regulations, and if so what those obligations entailed, are issues collateral to the claims and defenses in this case.  Rule 33(2)(a)(2) does not allow parties to demand legal opinions on issues outside the pleadings.  *Everest Nat'l Ins. Co. v. Santa Cruz Cty. Bank*, No. 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (declining to compel answers to interrogatories that requested "a purely legal response and did not request answers linked specifically to the facts of this case).  Interrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case, are not permitted. *Id.*; *see also,* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶ 11:1680 (The Rutter Group 2014).  Interrogatory 2 does not seek facts, just conclusions. Those conclusions would also address collateral issues, issues with either no probative value, as HCL contends, or so little probative value that "the burden or expense of the proposed discovery outweighs its likely benefit."

*The Requested Legal Analysis would be Privileged and Work Product*

Finally, if prepared now, the analysis of whether 41 C.F.R. Chapter 60 applies to HCL is work that would be performed by counsel.  That work would be protected under the attorney client privilege and the work product doctrine.  Plaintiffs miss the mark with their argument that HCL must identify specific "lawyers and communications." The point here is that the future work to be performed by counsel, would consist of privileged legal conclusions on a collateral issue.

*HCL timely and properly stated its objections*

HCL objected timely, asserting all the objections HCL now asserts in this discovery letter. With respect to relevance and proportionality, HCL objected that Interrogatory 2 "seeks information that is either not *relevant or disproportionate to the needs of the case* because, *for example*, it seeks information regarding Defendants' obligations under 41 C.F.R. part 60-2, an area of law addressing affirmative action plans and federal contractors and not relevant to any claim or defense asserted in this case."  Ex. B, p. 5-6.  This objection is not "boilerplate."  It references the specific regulations at issue and explains the relevance and proportionality concerns at issue.  HCL also objected timely on privilege grounds noting the interrogatory improperly "seeks information protected by the attorney client privilege, [and] the attorney work product doctrine . . . ."  *Id*.  HCL also objected timely that Interrogatory 2 improperly called for legal analysis, objecting that it "calls for legal conclusions including purporting to require Defendants to write a narrative description of the regulations at issue. . . .'"  Ex. B, p. 6.  The objections raised the same arguments as HCL asserts in this discovery letter.  There is no surprise.  There is no waiver.

HCL asks that Plaintiffs' motion be denied.

**iii.     Party Positions Regarding Hearing**

The Parties believe that a telephonic hearing would be beneficial to the resolution of this dispute.

**iv.     Relevant Dates**

Plaintiffs' class certification expert report is due April 2, 2020. Case Management Order, ECF No. 26. Defendants' rebuttal report is due April 23, 2020. *Id.* Class certification discovery closes May 14, 2020.  *Id.* Plaintiffs' class certification motion is due June 4, 2020. *Id.* The Court recently

1    denied the parties' stipulation to extend these deadlines by six months. Order, ECF 44; *see*

2    Stipulation Regarding Case Schedule, ECF 41. The Court has not yet set a discovery cut-off date.

3    **v.      Compliance Statement**

4         The Parties met and conferred telephonically on January 13, 2020. This meet and confer was

5    attended by Daniel Kotchen and Michael von Klemperer for Plaintiffs and Douglas Farmer, Brian

6    Berry, Roshni C. Kapoor, and Christopher McCracken for Defendants.

DATED:  January 21, 2020                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.


                                            By:  /s/Brian Berry
                                                 Douglas J. Farmer
                                                 Brian D. Berry
                                                 Sarah Zenewicz
                                                 Roshni C. Kapoor

                                                 Attorneys for Defendants
                                                 HCL TECHNOLOGIES LTD. and HCL
                                                 AMERICA INC.

DATED:  January 21, 2020                    KOTCHEN & LOW LLP


                                            By:  /s/Michael von Klemperer
                                                 Daniel Low
                                                 Daniel Kotchen (*pro hac vice*)
                                                 Michael Von Klemperer (*pro hac vice*)
                                                 Lindsey Grunert (*pro hac vice*)

                                                 Attorneys for Plaintiffs and Putative Class


## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record by electronic service through the Clerk of the Court's CM/ECF filing system.

DATED: January 21, 2020                          By: /s/Michael von Klemperer


## SIGNATURE ATTESTATION

        Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

documents has been obtained from the other signatories.

DATED: January 21, 2020                          By: /s/Michael von Klemperer