1  DOUGLAS J. FARMER, CA Bar No. 139646
   douglas.farmer@ogletree.com
2  BRIAN D. BERRY, CA Bar No. 229893
   brian.berry@ogletree.com
3  SARAH ZENEWICZ, CA Bar No. 258068
   sarah.zenewicz@ogletree.com
4  ROSHNI C. KAPOOR, CA Bar No. 310612
   roshni.kapoor@ogletree.com
5  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
6  Steuart Tower, Suite 1300
   One Market Plaza
7  San Francisco, CA  94105
   Telephone:    415-442-4810
8  Facsimile:    415-442-4870

9  Attorneys for Defendants
   HCL TECHNOLOGIES LTD. and HCL
10 AMERICA INC.

11

   Daniel Low, CA Bar No. 218387
12 dlow@kotchen.com
   Daniel Kotchen (*pro hac vice*)
13 dkotchen@kotchen.com
   Michael von Klemperer (*pro hac vice*)
14 Lindsey Grunert (*pro hac vice*)
   lgrunert@kotchen.com
15 KOTCHEN & LOW LLP
   1745 Kalorama Road NW, Suite 101
16 Washington, DC 20009
   Telephone: (202) 471-1995
17 Facsimile: (202) 280-1128

18 Attorneys for Plaintiffs and Putative Class

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21

| | |
|---|---|
| 22 GREGORY HANDLOSER and CERAFIN CASTILLO, | Case No. 5:19-cv-01242-LHK (VKD) |
| 23      Plaintiffs, | CLASS ACTION |
| 24      v. | **DISCOVERY LETTER BRIEF NO. 5 REGARDING PLAINTIFFS' INTERROGATORY 3, SET 2** |
| 25 HCL TECHNOLOGIES LTD. and HCL AMERICA, INC., | |
| 26      Defendant. | |

27

28

# DISCOVERY LETTER BRIEF NO. 5
# REGARDING PLAINTIFFS' INTERROGATORY 3, SET 2

i. **Statement of Dispute**

   a) ***Plaintiffs' Position***

Plaintiffs' Interrogatory 3 Set 2 (ECF 69-1) seeks the identities of individuals who provided factual information for HCL's other interrogatory responses. HCL has refused to answer (ECF 69-2), arguing that this information is work product and the interrogatory is compound. HCL is mistaken and should be compelled to answer.

   b) ***Defendants' Position***

The Court should deny Plaintiff's request. Interrogatory 3, requested that HCL "identify all persons who provided factual information in connection with your answers to" any interrogatory issued by Plaintiffs in the case, whether that interrogatory was issued in the past or will be issued in the future. Plaintiffs' interrogatory impermissibly seeks HCL's attorney work product by inquiring into counsel's mental impressions and thought process.

ii. **Party Positions Regarding Dispute**

   a) ***Plaintiffs' Position***

   <u>Background</u>

Plaintiffs have issued a total of eight interrogatories in three sets. To date, HCL has answered only three, asserting largely boilerplate objections to the other five. HCL answered two of four in Plaintiffs' First Set. (**Ex. 1**). Kuldeep Rawat verified this set, stating that "the facts stated in the foregoing responses are…not entirely within my personal knowledge," "there is not one agent or officer who has personal knowledge of all such facts," which "have been assembled by authorized agents and counsel for Defendants." *Id.* at 11.

HCL's responses to Plaintiffs' Second Set contained only objections and did not include a verification. (ECF 69-2). HCL's responses to Plaintiffs' Third Set contained a partial response but no verification. (**Ex. 2**).

On December 6, Plaintiffs issued the following interrogatory:

Identify all persons who provided factual information in connection with your answers to Plaintiffs' Interrogatories (including this set of interrogatories, prior sets

of interrogatories, and any subsequent sets of interrogatories), including, for each such person, his or her title, position, department, employee number, duties, and the specific Interrogatory(ies) for which the person provided information.

Interrog. 3, Set 2 (ECF 69-1). In response to this interrogatory, HCL "incorporate[d] by reference their Preliminary Statement and General Objections." (ECF 69-2). These general objections included a boilerplate objection work product objection. *Id.* at 2. HCL's response specifically to Interrogatory 3 included only an objection that the interrogatory was "compound" and exceeded the limit. *Id.*

### Legal Standard

"Discovery should be allowed unless the information sought has 'no conceivable bearing on the case.'" *BrightEdge Techs., Inc. v. Searchmetrics GmbH*, 2017 U.S. Dist. LEXIS 185502, at *4 (N.D. Cal. 2017). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining[,] and supporting its objections with competent evidence." *Id.* at *5.

An interrogatory may inquire into any matter that is relevant and proportional. Fed.R.Civ.P. 33(a)(2). To the extent not objected to, interrogatories must be answered fully, in writing, and under oath. *Razavi v. Abbott Labs.*, 2019 U.S. Dist. LEXIS 36117, at *4 (N.D. Cal. 2019) (citing Fed.R.Civ.P. 33(b)(3)-(4)).

Objections must be stated with specificity. Fed.R.Civ.P. 33(b)(4). Boilerplate objections—those stated without explanation of how the interrogatory is deficient and how the responding party would be harmed if forced to respond—are considered waived. *Gersh v. Anglin*, 2019 U.S. Dist. LEXIS 9326, at *10-11 (D. Mont. 2019); *Hardy v. Davis*, 2017 U.S. Dist. LEXIS 14138, at *8 n.1 (E.D. Cal. 2017). Likewise, objections not stated in an initial response are waived. Fed. R. Civ. P. 33(b)(4); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015)).

### Argument

Relevance: Interrogatory 3 asks HCL to identify the individuals who provided factual information in connection with its other interrogatory responses. The Federal Rules already provide for the disclosure of such information. *See* Fed.R.Civ.P. 26(a)(1)(A)(i) (requiring disclosure of "each individual likely to have discoverable information"). As a corporation, HCL may have "any officer or agent" answer its interrogatories based on information available to the corporation. Fed.R.Civ.P.

33(b)(1)(B). At least one must sign the responses. Fed.R.Civ.P. 33(b)(5). To the extent others provided this individual with information, *see* Ex. 1 at 11 , Plaintiffs are entitled to know who these people are, as it will allow Plaintiffs to determine where the information came from, who relevant witnesses may be, and who may possess relevant discovery.

<u>Work Product</u>: HCL incorporates 10 boilerplate "General Objections" into its response to Interrogatory 3, but such general objections are waived, including the work product objection that HCL raises with specificity for the first time in this letter. Fed.R.Civ.P. 33(b)(4); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2017 U.S. Dist. LEXIS 225814, at *15 (C.D. Cal. 2017) (finding waiver of work product objection that was not timely raised); *O'Shea v. Am. Solar Solution Inc.*, 2016 U.S. Dist. LEXIS 23420, *6 (S.D. Cal. 2016); *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *7 (S.D.N.Y. 2017). And finding waiver here is particularly appropriate given that asserting improper boilerplate objections has been HCL's practice throughout this litigation despite Plaintiffs' consistent opposition to this conduct. ECF 48 at 2-3.

Nor can the identity of the officers or agents who supplied the factual information in HCL's responses be work product—the disclosure of individuals with discoverable information is already required. *See* Fed.R.Civ.P. 26(a)(1)(A)(i). A corporation's selection of the officers or agents to answer interrogatories is no different than a corporation's designation of Rule 30(b)(6) deposition witnesses whose names must be recorded at the start of their depositions. Fed.R.Civ.P. 30(b)(5)(A)(iii). And at least one of these individuals must already verify the corporation's responses. Fed.R.Civ.P. 33(b)(5); Ex. 1 at 11 (stating that Mr. Rawat lacks personal knowledge of all facts and that others provided him information). Accordingly, courts have compelled the provision of comparable information. *See Dean v. New Werner Holding Co.*, 2008 U.S. Dist. LEXIS 49519, at *15 (D. Kan. 2008) (compelling identification "of each person contributing to the answers to the interrogatories"); *Miller v. Ventro Corp.*, 2004 U.S. Dist. LEXIS 6913, at *6-7 (N.D. Cal. 2004) (overruling work product objection and compelling identification of confidential witnesses); *In re Aetna Inc. Sec. Litig.*, 1999 U.S. Dist. LEXIS 8038, at *5-11 (E.D. Pa. 1999) (same). The court in *Miller* for instance rejected the argument that the identity of witnesses who provided information for the plaintiff's complaint was work product "and that even if it were work product, the need for the

information and the hardship otherwise entailed outweighs any minimal work product protection." 2004 U.S. Dist. LEXIS 6913, at *6-7.

HCL relies primarily on *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199 (E.D.N.Y. 2007), but in that case the objecting party objected with specificity to providing "investigatory materials protected by the work product doctrine." *Id.* at 229. Moreover, the interrogatory at issue more broadly sought the identification of "all persons who assisted in preparing responses to these Interrogatories and all documents considered, read, referred to, discussed or reviewed in preparing responses to these Interrogatories." *Id.* The court stated that it would have ordered a response to an interrogatory seeking "identities of persons with knowledge," and ordered production of documents relied on in preparing the responses. *Id.* at 232. Here, Interrogatory 3 does not broadly ask for identification of persons who assisted in preparing the interrogatory response (which would include attorneys, paralegals, and others that lacked firsthand knowledge of facts) and does not ask for identification of persons interviewed in connection with the interrogatories, but more narrowly asked for identification of those persons "who provided factual information" in connection with the answers.

Similarly, HCL's reliance on *Ferruza v. MTI Technology* is misplaced, because there the court was concerned with "important public policy concerns implicated by disclosure of former employees acting as informants." And courts in this district have rejected its reasoning. *See In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D. Cal. 2007). *Thomas v. Beutler* is distinguishable because there, the plaintiff sought the identities of individuals with knowledge regarding counsel's witness interviews and acquisition of witness statements, not, as here, individuals who provided facts for interrogatory responses.

Compound: HCL's only objection made specifically to Interrogatory 3 in its responses is that the interrogatory is compound and that Plaintiffs have exceeded the interrogatory limit.  Interrog. 3, Set 2 (Ex. C). First, Plaintiffs have not exceeded the limited—Interrogatory 3 is only the seventh issued (some of which HCL refused to answer) and "*each* plaintiff may serve *each* defendant with 25 interrogatories." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006). Each of Plaintiffs' interrogatories either asks for a discrete piece of information or "begins with a primary theme and follows with subparts that are logically related to that primary theme." *Mount Hamilton*

*Partners v. Google, Inc.*, 2013 U.S. Dist. LEXIS 104556, at *4 (N.D. Cal. 2013). These "count only as one interrogatory for purposes of Rule 33." *Id.*; *In re Lithium Ion Batteries Antitrust Litig.*, 2015 U.S. Dist. LEXIS 45976, at *56 (N.D. Cal. 2015).

Second, Interrogatory 3 is not improperly compound as it simply asks HCL to identify individuals by name and the logically related "title, position, department, employee number, duties, and the specific Interrogatory(ies) for which the person provided information." This is common practice, as reflected in the following interrogatories HCL issued to each Plaintiff:

> Identify (by title, job description, and length of tenure) each employment position, … you have held from January 1985 to the present.

> Identify (by name, company, address, phone number, email address), every manager to whom you have reported from January 1985 to the present.

While HCL takes issue with the request for "duties," it requested similar information from Plaintiffs ("job description") and this information logically relates to the individual's identity and role. And this objection is no justification for its failure to provide any response at all. 8B FEDERAL PRACTICE & PROCEDURE § 2173 (3d ed.) ("a party['s] objection to part of one interrogatory is no reason to defer answering the rest."); Fed.R.Civ.P. 33(b)(3).

### b)   Defendants' Position

<u>Work Product Doctrine Objection.</u>  The Court should deny Plaintiff's request because Interrogatory 3, requesting HCL identify all persons who provided factual information "in connection with" HCL's interrogatory answers, impermissibly seeks information protected by attorney work product doctrine.

Plaintiffs do not request the properly discoverable identity and location of witnesses that have knowledge of a discoverable matter. Such information, as they note, is discoverable through Rule 26 disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). Instead, Plaintiffs here request the identity of witnesses that provided information "in connection with" HCL's interrogatory responses. This request requires HCL to identify whom HCL interviewed or otherwise relied upon for its interrogatory responses, information that is protected attorney work product. The distinction here is that from the latter request, in contrast with the former, "opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy." *Ferruza v.*

*MTI Tech.*, No. SACV 00-0745 DOC, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002). These types of "evaluations, impressions, and strategy are at the heart of the work product rule" and are protected from disclosure. *Id.* (denying motion to compel interrogatory requesting the specific identity of employees referenced in a complaint because defendants had list of witnesses with relevant knowledge).[1]

In short, there is "established law concluding that there is work product in the identity of witnesses interviewed or otherwise relied upon by" a party. *Ferruza*, 2002 WL 32344347, at *3. How "counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled." *Id.* (quoting *United States v. Dist. Council of New York City and Vicinity of United Broth. of Carpenters and Joiners of Am.*, 1992 WL 208284, at *7 (S.D.N.Y. Aug.18, 1992)).

Relying on this established law regarding work product doctrine, courts have denied motions to compel responses to interrogatories similar to Plaintiffs' Interrogatory 3 because the interrogatories sought work product information. *See, e.g., Thomas v. Beutler*, No. 2:10-CV-01300 MCE, 2012 WL 4845571, at *3 (E.D. Cal. Oct. 10, 2012) (holding work product doctrine protected identity of individuals with "knowledge of the facts stated in your response to Interrogatories" since disclosure would "necessarily reveal counsel's opinions regarding the relative importance of these witnesses" among other things); *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 231-32 (E.D.N.Y. 2007) (holding work product doctrine protected party from "identify[ing] all persons who assisted in preparing responses to these Interrogatories and all documents considered," which would reveal who counsel contacted or interviewed and provide clues as to which witnesses counsel deemed more important than others); *accord McKie v. Sears Prot. Co.*, No. CV 10-1531-PK, 2011 WL 1670910, at *2 (D. Or. May 3, 2011) (applying work product doctrine to interrogatory requesting "list of documents consulted . . . in the preparation of answers to interrogatories" even where documents

---

[1] Plaintiffs attempt to liken their interrogatories to a Rule 30(b)(6) deposition notice by which HCL would be required to identify appropriate witnesses for deposition. There is nothing similar about these two different discovery mechanisms and Plaintiffs offer no authority in support of their position. Rule 30(b)(6) requires an entity to identify a natural person to sit for deposition on behalf of the entity. Plaintiffs' Interrogatory 3 improperly seeks the identity of numerous natural persons that counsel interviewed and relied on, revealing mental impressions.

were not privileged).

Plaintiffs' interrogatory becomes especially problematic insofar as it demands the identity of witnesses who provided information "in connection with" Plaintiffs' earlier sets of interrogatories. HCL answered Plaintiffs' first set of interrogatories over five months ago. Not only should HCL not be required to reveal the efforts undertaken last summer to answer that set, HCL's counsel should not now be required to reconstruct those efforts which took place more than five months ago.

Plaintiffs' authorities do not contradict this established law. In *Dean v. New Werner Holding Co.*, the defendant had "not objected to" the interrogatory in question and the court did not consider the objections HCL presents here. No. 07-2534-JAR-GLR, 2008 WL 2560707, at *5-6 (D. Kan. June 26, 2008). Plaintiffs' reliance on *Miller* and *Aetna* is also misplaced. Those courts compelled the disclosure of confidential witnesses expressly referenced in the plaintiffs' securities fraud complaints based on defendants' showing of need, considering, among other things, that securities law required plaintiffs to "identify[] the sources for [their] allegations," *In re Aetna Inc. Sec. Litig.*, No. CIV. A. MDL 1219, 1999 WL 354527, at *4 (E.D. Pa. May 26, 1999), and that "most if not all" of those identities would be soon disclosed in discovery anyhow, *Miller v. Ventro Corp.*, No. C01-01287 SBA (EDL), 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004). In contrast, here, the individuals whom HCL's counsel contacted "in connection with" Plaintiffs' interrogatories are not referenced in a pleading, are not required to be disclosed by statute, and will not be disclosed in the future through the regular course of discovery. Additionally, unlike the defendants in their cited cases, Plaintiffs here have made no showing of a need for this protected work product information.

*Compound & Over Limit Objection*. Finally, HCL preserves its objections that Plaintiffs' interrogatories are compound. Interrogatory 3, for example, constitutes at least seven interrogatories because it seeks the identity of witnesses who provided information for seven different interrogatories relating to at least seven separate and distinct subject areas (plus an undefined number of interrogatories that Plaintiffs will serve in the future).

Plaintiffs' prior interrogatories are also compound, and, in total, Plaintiffs exceed the total number of permissible interrogatories as HCL stated in its objections. For example, one previous interrogatory seeks a description of both "affirmative action" and "diversity" efforts by HCL, with

up to five subparts for each.  Another two interrogatories seek descriptions of three to four different alleged employment applications submitted by the named Plaintiffs with numerous subparts for each alleged application.  Yet another interrogatory requests details about the data system tracking seven different employment processes.  Each of the interrogatories to date has been propounded on both defendants by Plaintiff Handloser, more recently also joined by Plaintiff Castillo.  Thus, in total, HCL contends Plaintiffs have exceeded 25 interrogatories and permissible subparts.

*No Waiver of Objections.*  HCL did not waive its work product objection.  HCL included a work product objection in its general objections and reiterated this objection in detail days later when the parties disputed this interrogatory.[2]

HCL's objection based on Plaintiffs' compound interrogatories exceeding the presumptive limit prevented waiver of its other objections.  Otherwise, parties would be required to "assert substantive, particularized objections to all interrogatories above the presumptive limit, regardless of the number of interrogatories propounded." *Gibson Brands Inc. v. John Hornby Skewes & Co.*, No. CV 14-0609 DDP (SS), 2015 WL 12681376, at *5 (C.D. Cal. July 20, 2015) (finding no waiver of objections where plaintiffs objected only that all interrogatories except for the first one and its subparts exceeded presumptive limit, and instead ordering objections and responses within 14 days for certain interrogatories to which plaintiffs had otherwise objected).

Plaintiffs are incorrect that stating a general objection is tantamount to waiver.  This Court has "broad discretion" to reach the merits of objections, and a finding of waiver here would be inappropriate in light of the circumstances (e.g., lack of bad faith, lack of prejudice to Plaintiffs, the limited nature of the request, and harshness of imposing waiver for legitimate objection protecting work product information).[3]  *Batts v. Cty. of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) (recognizing several factors in court's discretion and holding plaintiff's two-week late objections, while unreasonable, were not waived); *see also*, *e.g.*, *U.S.*

---

[2] HCL would have also earlier met and conferred about this objection to this interrogatory, but Plaintiffs violated this Court's Standing Order by moving directly to a discovery dispute letter, rather than first meeting and conferring in good faith and then engaging in a lead counsel call before requesting this letter brief.

[3] Although Plaintiffs assert that HCL has a "practice" of improper objections, they are wrong. Defendants broad objections are necessitated at least in part by Plaintiffs' own practice of overly broad and disproportionate discovery requests.

*ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 687 (S.D. Cal. 1996) (excusing plaintiff's untimely objections which were served only after defendant requested a response because documents requested "exceeded the bounds of fair discovery" as they were potentially protected by work product and privilege); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008) (concluding party's objections not waived where there was no prejudice from short delay in responses); *Watterson v. Garfield Beach CVS LLC*, No. 14CV01721HSGDMR, 2015 WL 2156857, at *5 (N.D. Cal. May 7, 2015) (deciding merits of objections rather than finding waiver of objections that were rest for the first time on amended responses).

Similarly, this Court can also exercise its discretion to consider HCL's objections because through this letter brief, HCL has provided "supporting argument" to offer "sufficient detail" about its general objections.  *Gersh v. Anglin*, No. CV 17-50-M-DLC-JCL, 2019 WL 265800, at *4 (D. Mont. Jan. 18, 2019) (cited by Plaintiffs) ("exercis[ing] its discretion in favor of considering" the merits of defendant's "otherwise boilerplate objections" to interrogatories where defendant offered "supporting argument" on motion to compel).

For these reasons, HCL requests that Plaintiffs' request be denied.

### iii.     Party Positions Regarding Hearing

The Parties believe that a telephonic hearing would be beneficial to the resolution of this dispute.

### iv.     Relevant Dates

Plaintiffs' class certification expert report is due April 2, 2020. Case Management Order, ECF No. 26. Defendants' rebuttal report is due April 23, 2020. *Id.* Class certification discovery closes May 14, 2020. *Id.* Plaintiffs' class certification motion is due June 4, 2020. *Id.* The Court recently denied the parties' stipulation to extend these deadlines by six months. Order, ECF 44; *see* Stipulation Regarding Case Schedule, ECF 41. The Court has not yet set a discovery cut-off date.

### v.     Compliance Statement

The Parties met and conferred telephonically on January 13, 2020. This meet and confer was attended by Daniel Kotchen and Michael von Klemperer for Plaintiffs and Douglas Farmer, Brian Berry, Roshni C. Kapoor, and Christopher McCracken for Defendants.

| | |
|---|---|
| DATED:  January 21, 2020 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By:  /s/Brian Berry
Douglas J. Farmer
Brian D. Berry
Sarah Zenewicz
Roshni C. Kapoor

Attorneys for Defendants
HCL TECHNOLOGIES LTD. and HCL AMERICA INC.

| | |
|---|---|
| DATED:  January 21, 2020 | KOTCHEN & LOW LLP |

By:  /s/Michael von Klemperer
Daniel Low
Daniel Kotchen (*pro hac vice*)
Michael Von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)

Attorneys for Plaintiffs and Putative Class

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

DATED: January 21, 2020                              By: /s/Michael von Klemperer

## **SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this documents has been obtained from the other signatories.

DATED: January 21, 2020                              By: /s/Michael von Klemperer