# Exhibit 1

1  DOUGLAS J. FARMER, CA Bar No. 139646
   douglas.farmer@ogletree.com
2  BRIAN D. BERRY, CA Bar No. 229893
   brian.berry@ogletree.com
3  SARAH ZENEWICZ, CA Bar No. 258068
   sarah.zenewicz@ogletree.com
4  ROSHNI C. KAPOOR, CA Bar No. 310612
   roshni.kapoor@ogletree.com
5  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
6  Steuart Tower, Suite 1300
   One Market Plaza
7  San Francisco, CA  94105
   Telephone:    415-442-4810
8  Facsimile:    415-442-4870

9  Attorneys for Defendants
   HCL TECHNOLOGIES LTD. and HCL
10 AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| GREGORY HANDLOSER, | Case No. 5:19-cv-01242-LHK |
|---|---|
| Plaintiff, | **DEFENDANTS HCL TECHNOLOGIES LTD. AND HCL AMERICA, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| HCL TECHNOLOGIES LTD. and HCL AMERICA, INC., | |
| Defendants. | Complaint Filed: March 7, 2019<br>First Amended Complaint Filed: June 12, 2019 |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | PLAINTIFF GREGORY HANDLOSER | |
| RESPONDING PARTY: | DEFENDANTS HCL TECHNOLOGIES LTD. AND HCL AMERICA, INC. | |
| SET NO.: | ONE | |

Pursuant to Federal Rule of Civil Procedure 33, Defendants HCL Technologies Ltd. ("HCL Tech.") and HCL America, Inc. ("HCLA") (together, "Defendants") hereby provide the following responses to the Interrogatories, Set One, propounded on behalf of Plaintiff Gregory Handloser ("Plaintiff") (the "Interrogatories"), as follows:

## PRELIMINARY STATEMENT

1. Defendants have not yet completed their investigation of the facts relating to this action, have not yet completed their discovery in this action, and have not begun their preparations for trial. Therefore, the following responses or objections are given without prejudice to Defendants' right to produce at the time of trial or beforehand, subsequently discovered evidence or evidence relating to proof of facts later discovered to be material. All responses or objections must be construed as given on the basis of present knowledge.

2. No incidental or implied admissions of fact by Defendants are made by the responses below. The fact that Defendants have answered part or all of any discovery request herein may not properly be taken as an admission that Defendants accept or admit the existence of any fact set forth or assumed by such discovery request. The fact that Defendants have answered part or all of any discovery request herein may not be taken as an admission that such response constitutes relevant or admissible evidence. The fact that Defendants have answered part or all of any discovery request is not intended, and shall not be construed to be a waiver by Defendants of all or any part of any objection made by Defendants to such discovery request.

3. Defendants respond to Plaintiff's interrogatories based on the information and documents currently available to them, given that discovery in this action is ongoing. Nothing contained in these responses shall in any way limit Defendants' ability to make all uses at trial or otherwise of the information or documents referenced herein or of any information, documents, or other evidence that may be discovered in the future. Further discovery, independent investigation,

and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth.  Defendants have made their best effort to respond accurately to Plaintiff's interrogatories, but reserve the right to amend their objections and responses upon completion of their search for responsive information.  The responses contained herein are made in a good faith effort to comply with the provisions of the Federal Rules of Civil Procedure but are in no way deemed to prejudice Defendants with respect to further discovery, research, and analysis.

## GENERAL OBJECTIONS

1.   To the extent any interrogatory may be construed as calling for the disclosure of privileged information, including, without limitation, information subject to the attorney-client privilege, the attorney work product doctrine, the settlement privilege, and information that is confidential, proprietary, or a business or trade secret, Defendants hereby claim such privileges and objects to each such interrogatory.

2.   Defendants object to each interrogatory to the extent that it seeks information for purposes other than this litigation and on the grounds that it seeks information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

3.   Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial.

4.   Defendants object to each interrogatory to the extent that it is compound, argumentative, and/or calls for a legal conclusion rather than an assertion of fact or an application of law to facts.

5.   The fact that Defendants have responded or objected to any interrogatory or part thereof should not be taken as an admission that Defendants accept or admit the existence of any facts set forth or assumed by the interrogatory, or that such response to the interrogatory or

objection thereto constitutes admissible evidence. The fact that Defendants have answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Defendants of all or any part of any objections to any interrogatory.

6. Defendants have not completed its investigation of facts, witnesses, or documents relating to this case. Nor has it completed discovery in the action, its analysis of available data, or its preparation for trial. The responses set forth herein are true and correct to the best of Defendants' knowledge as of this date. Thus, although a good faith effort has been made to supply pertinent information where it has been requested, the responses contained herein are made without prejudice to Defendants' right to provide evidence of subsequently discovered acts, witnesses, or documents, as well as any new theories or contentions that Defendants may adopt. The responses contained herein are further given without prejudice to Defendants' right to provide information concerning facts, witnesses, or documents omitted by these responses as a result of oversight, inadvertence, good faith error, or mistake.

7. Defendants further object to each interrogatory to the extent that it purports to impose requirements that exceed those set forth by the Federal Rules of Civil Procedure, the Local Rules, or applicable case law.

8. Defendants further object to each interrogatory to the extent that it seeks the disclosure of documents that constitute trade secrets or other confidential and/or proprietary business information.

9. Defendants further object to each interrogatory to the extent that it seeks confidential information, the disclosure of which would violate the privacy rights of individuals who are not parties to this action.

10. Each of the foregoing objections is applicable and incorporated by this reference within each of the responses set forth below. Without waiving these objections, and subject to them, Defendants respond to Plaintiff's specific interrogatories as set forth below.

**RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify by name, location, and content, each computer system, electronic database, and

1  paper filing system used by HCL related to: applications for U.S. positions, hiring for U.S.
2  positions, HCL's use of contracting companies and contract workers, employee allocation or
3  unallocation (*i.e.,* benching) for U.S. positions, U.S. visas (including visa applications, budgeting,
4  and tracking), compensation for employees located in the U.S., and terminations for employees
5  located in the U.S.

6  **RESPONSE TO INTERROGATORY NO. 1:**

7      Defendants incorporate by reference their Preliminary Statement and General Objections as
8  though fully set forth herein.

9      Defendants object that this interrogatory is compound in that it seeks three categories of
10  information (name, location, and content) about systems used by Defendants for seven separate
11  employment processes or fields of information (applications, hiring, use of contractors, allocation,
12  visas, compensation, and termination).

13      Defendants object that this interrogatory is overbroad, unduly burdensome, and either not
14  relevant or disproportionate to the needs of the case because it is, for example, the time period,
15  relevant entity, and positions encompassed by the interrogatory are not relevant to Plaintiff's
16  allegations and because it purports to require Defendants to draft a response containing many
17  thousands of pieces of information

18      Defendants object that this interrogatory is vague and ambiguous as to several terms,
19  including but not limited to, for example, "location," "computer system," "database," "paper filing
20  system," "used by HCL," "related to," "applications," "U.S. positions," "hiring," "use of
21  contracting companies and contract workers," "allocation or unallocation," "U.S. visas,"
22  "budgeting," "tracking," and "located in the U.S."

23      Defendants object to the extent this interrogatory calls for the production of proprietary or
24  confidential business information.

25      Subject to and without waiving these objections and the General Objections stated above,
26  Defendants respond as follows:  HCLA's SmartRecruit system has information about job openings,
27  including job description, job band, position location, reporting manager, and customer.  HCLA's
28  IBM Kenexa BrassRing system, referred to internally as "iTAP" (abbreviated for Ideapreneur

Talent Acquisition Platform), has information imported from SmartRecruit along with recruiting information such as recruiter, requisition source, applicant details, applicant status, and offer letter details.  HCLA maintains employee and contractor data, including race/nationality information where available, in SAP.

**INTERROGATORY NO. 2:**

By year from 2014 through the present, identify the number of U.S. visas HCL applied for, and for each such visa, identify the type, whether it was approved by the government, whether it was a new application, renewal/extension or modification, the country of origin of the sponsored employee, whether the employee traveled to the U.S. pursuant to the visa, and if so, the dates the employee was in the U.S., the position identified on the application, the end client identified on the application, and the position(s) held by the employee once in the U.S.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate by reference their Preliminary Statement and General Objections as though fully set forth herein.

Defendants object that this interrogatory is compound in that it seeks the total number of visas and at least nine categories of information for each visa (type, government approval, newness, origin, travel, dates in US, applicant position, application client, and position held).

Defendants further object that this interrogatory is overbroad, unduly burdensome, and either not relevant or disproportionate to the needs of the case because, for example, the time period and positions encompassed by the interrogatory are not related to Plaintiff's allegations and because it purports to require Defendants to draft a response containing many thousands of pieces of information

Defendants object that this interrogatory is vague and ambiguous as to several terms, including but not limited to, for example, "location," "computer system," "database," "paper filing system," "applications," "U.S. positions," "hiring," "use of contracting companies and contract workers," "allocation or unallocation," "U.S. visas," "budgeting," "tracking," and "located in the U.S."

Defendants object to this interrogatory on the grounds that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing business records (including electronically stored information), the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendants object to this interrogatory on the grounds that it seeks information that is publicly available and equally available to Plaintiff.

Defendants object to this interrogatory to the extent it seeks information regarding non-party individuals whose personal information is protected from disclosure by a constitutional, statutory and/or other right of privacy.

Defendants object to the extent this interrogatory calls for the production of proprietary or confidential business information.

Subject to and without waiving these objections and the General Objections stated above, Defendants respond as follows: Many companies obtain H-1B work visas to hire nonimmigrant aliens as workers in specialty occupations. HCLA's H-1B work visa application information is available from the Department of Labor. Defendants invite Plaintiff to meet and confer regarding the scope of this request.

**INTERROGATORY NO. 3:**

By year from 2014 through the present, identify by name each individual that served as a contractor to HCL and, for each individual, identify the individual's contracting company, the individual's race and national origin, the time period in which the individual served as a contractor to HCL, the role(s) and end client(s) the individual served as a contractor, whether HCL hired the individual, the role(s) and end client(s) the individual served once hired by HCL, whether HCL terminated the individual and, if so, the reason for termination.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate by reference their Preliminary Statement and General Objections as though fully set forth herein.

Defendants object that this interrogatory is compound in that it seeks, for each "contractor," at least 11 categories of information (company, race, time period, contractor role, contractor end

client, hiring, hired role, hired end client, termination status, and termination reason).

Defendants object that this interrogatory is overbroad, unduly burdensome, and either not relevant or disproportionate to the needs of the case because, for example, the time period and positions encompassed by the interrogatory are not related to Plaintiff's allegations and because it purports to require Defendants to draft a response containing many thousands of pieces of information

Defendants object on the basis that this interrogatory is vague and ambiguous as to several terms, including but not limited to, for example, "race and national origin," "served," "contractor," "by year," "contracting company," "time period," "to HCL," "role," "end client(s)," "hired," and "reason for termination."

Defendants further object to the scope of this interrogatory because it seeks information regarding individuals other than Plaintiff, and this matter has not yet been certified as a class action, nor have the appropriate parameters of any putative class action been determined.

Defendants further objects to this interrogatory to the extent it seeks information regarding non-party individuals whose personal information is protected from disclosure by a constitutional, statutory and/or other right of privacy.

Defendants object to the extent this interrogatory calls for the production of proprietary or confidential business information.

Defendants object to this interrogatory on the grounds that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing business records (including electronically stored information), the burden of deriving or ascertaining the answer will be substantially the same for either party.

Subject to and without waiving these objections and the General Objections stated above, Defendants respond as follows:  Defendants invite Plaintiff to meet and confer regarding the scope and relevance of this request.

**INTERROGATORY NO. 4:**

Describe in detail the decision not to hire Gregory Handloser for employment in 2017 and 2018 including the positions he was considered for, why he was not selected, who was selected for

the positions and why, and the name, employee number, title and role of each person involved in those decisions.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants incorporate by reference their Preliminary Statement and General Objections as though fully set forth herein.

Defendants object that this interrogatory is compound in that it seeks at least eight categories of information for each of at least three events (position considered, non-selection reason, selected candidate, reason for selection, name, employee number, title, and role of "each person" involved in the decision).

Defendants object that this interrogatory is overbroad, unduly burdensome, and either not relevant or disproportionate to the needs of the case because it seeks, for example, the reason for selecting the hired candidate and "role of each person involved."

Defendants object to this interrogatory because it assumes facts not in evidence, for example, that a specific candidate was selected for the same position for which Plaintiff was considered.

Defendants object on the basis that this interrogatory is vague and ambiguous as to several terms, including but not limited to, for example, "decision not to hire," "positions," "considered for," "why," "not selected," "employee number," "title," "role," and "involved in."

Defendant further objects to this interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Defendants further objects to this interrogatory to the extent it seeks information regarding non-party individuals whose personal information is protected from disclosure by a constitutional, statutory and/or other right of privacy.

Defendants object to the extent this interrogatory calls for the production of proprietary or confidential business information.

Subject to and without waiving these objections and the General Objections stated above, Defendants respond as follows: Plaintiff submitted his resume on October 5, 2017 to Paul van

Case 5:19-cv-01242-LHK   Document 70-1   Filed 01/21/20   Page 11 of 13


Deventer, Vice President – Aerospace & Defense / Travel, Transportation & Logistics. Van Deventer had previously worked with Plaintiff at Infosys. Van Deventer provided Plaintiff's resume to colleagues at HCLA, but did not hire him on his own teams for a then-open A&D NN role because he did not believe Plaintiff had the best qualifications. Plaintiff then submitted his resume on October 19, 2017 to Ralph Billington, former Associate Vice President, UTC – Global Client Partner, for an aerospace sales role but was not selected because Billington determined Plaintiff was not the most qualified candidate. Billington subsequently considered Plaintiff for an industrial sales role in February 2018, but Plaintiff was not selected because HCLA could not afford to meet Plaintiff's compensation expectations. Finally, Cynthia Mathew, in human resources, contacted Plaintiff by telephone on June 28, 2018. During that call, Plaintiff stated he knew van Deventer. Mathew asked van Deventer if he was interested in hiring Plaintiff and van Deventer declined to pursue him because he did not believe Plaintiff had the best qualifications. Ultimately, a Caucasian male was hired for the A&D NN role. Discovery is ongoing.

DATED: August 16, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: DOUGLAS J. FARMER
BRIAN D. BERRY
SARAH ZENEWICZ
ROSHNI C. KAPOOR

Attorneys for Defendants
HCL TECHNOLOGIES LTD. and HCL AMERICA, INC.

## VERIFICATION

I, Kuldeep Rawat, declare as follows:

I am the Associate Director for HCL America, Inc. In that capacity, I am authorized to make this verification on behalf of Defendants HCL Technologies Ltd. and HCL America Inc. ("Defendants"). I have reviewed and know the contents of the foregoing document entitled:

**DEFENDANTS HCL TECHNOLOGIES LTD. AND HCL AMERICA, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

I am informed and believe that the facts stated in the foregoing responses are within knowledge of Defendants but not entirely within my personal knowledge, that there is not one agent or officer who has personal knowledge of all such facts, and that the facts stated herein have been assembled by authorized agents and counsel of Defendants. Subject to this limitation, I am informed and believe that the facts stated in the foregoing responses are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 16, 2019



_____
Kuldeep Rawat

**CERTIFICATE OF SERVICE**
*Handloser vs. HCL Technologies Ltd., et al.*
**USDC, Northern District of California Case No. 5:19-cv-01242-LHK**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On August 16, 2019, I served the following document(s):

**DEFENDANTS HCL TECHNOLOGIES LTD. AND HCL AMERICA, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

by placing a true copy thereof in a sealed envelope addressed as follows:

Daniel Low, Esq.
Daniel Kotchen, Esq.
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009

☒ **BY MAIL:** I caused such envelope to be placed for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I caused to be placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 16, 2019, at San Francisco, CA.

Mayra Padilla

39553730.3
Case No. 5:19-cv-01242-LHK