UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES NOS. 4 AND 5 RE PLAINTIFFS' INTERROGATORIES**<br><br>Re: Dkt. Nos. 69, 70 |

The parties ask the Court to resolve two discovery disputes concerning plaintiffs' interrogatories to defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL"). The Court heard oral argument on January 28, 2019.

In view of HCL's representations during the hearing, the Court orders HCL to serve a complete response to plaintiffs' Interrogatory No. 1 (Set 2) by January 30, 2020.

The remaining disputes concern plaintiffs' Interrogatories Nos. 2 and 3 (Set 2), which the Court addresses separately below.

## I. BACKGROUND

In this putative class action, plaintiffs allege that HCL engages in a pattern or practice of racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, et seq. Dkt. No. 40. Specifically, plaintiffs allege that at least 70% of HCL's U.S.-based workforce is South Asian, even though only about 12% of the relevant labor pool is South Asian. *Id.* ¶ 21. Plaintiffs contend that HCL uses various techniques to achieve a workforce with these disproportionate demographics and that these techniques amount to a pattern and practice of intentional employment discrimination based on race. *Id.* ¶¶ 14-20 53, 58.

HCL denies the allegations of discrimination, objects to treatment of the matter as a class

action, and raises a number of affirmative defenses. Dkt. No. 45.

## II. DISCUSSION

### A. Interrogatory No. 2 (Set 2)

Plaintiffs ask the Court to require HCL to answer Interrogatory No. 2, at least as it concerns the affirmative action requirements in 41 C.F.R. part 60-2. Interrogatory No. 2 states:

> Describe HCL's federal affirmative action obligations, including but not limited to: (1) the years in which HCL was obliged to comply with 41 C.F.R. part 60-2's affirmative action requirements, and (2) why the affirmative action requirements of 41 C.F.R. part 60-2 did not apply to HCL for any year in which you contend that they did not apply.

Dkt. No. 69-2 at 5. Plaintiffs argue that evidence that HCL failed to comply with its federal affirmative action obligations is relevant to and probative of HCL's discriminatory intent. Dkt. No. 69 at 3. HCL objects that the interrogatory does not seek relevant information, and is so broad that HCL would need to undertake "a full-scale audit" of its regulatory obligations in order to respond. *Id.* at 6-8. HCL also argues that any such response would necessarily implicate attorney-client privilege and attorney work product protections because it would require legal analysis. *Id.* at 9.[1]

The federal regulations at 41 C.F.R. part 60-2 provide that certain "nonconstruction (supply and service) contractors" working with the federal government must develop "affirmative action programs." 41 C.F.R. § 60-2.1. The purpose of an affirmative action program is as a "management tool designed to ensure equal employment opportunity." 41 C.F.R. § 60-2.10(a)(1). According to the regulations, "[a] central premise underlying affirmative action is that, absent discrimination, over time a contractor's workforce, generally, will reflect the gender, racial and ethnic profile of the labor pools from which the contractor recruits and selects." *Id.* The regulations include requirements governing the contents of these programs and procedures for evaluating contractors' compliance with them. *See, e.g.,* 41 C.F.R. § 60-2.10.

The Court agrees with plaintiffs that *if* HCL had an obligation under 41 C.F.R. part 60-2 to

---

[1] HCL objected on grounds of privilege and relevance, among other bases, in its written response to Interrogatory No. 2. Dkt. No. 69-2 at 5-6.

2

develop and comply with an affirmative action program, its failure to do so may be relevant to plaintiffs' claim of intentional racial discrimination. *See Gonzales v. Police Dept., City of San Jose*, 901 F.2d 758, 760-61 (9th Cir. 1990) (concluding that defendant's failure to comply with affirmative action plan mandated by a consent decree may be relevant to the question of discriminatory intent); *Taylor v. Teletype Corp.*, 648 F.2d 1129, 1135 n.14 (8th Cir.), *cert. denied*, 454 U.S. 969 (1981) (observing that evidence of defendant's failure to comply with an affirmative action program or support the program's director is also "relevant to discerning the Company's attitude regarding race") (cited with approval in *Gonzales*). In these circumstances, plaintiffs should be permitted to discover the factual basis for any contention by HCL that it did not have an obligation to develop an affirmative action program under 41 C.F.R. part 60-2 during the relevant period of time, particularly if HCL intends to rely on those facts in disputing plaintiffs' allegations of intentional discrimination. While contention interrogatories directed to issues of pure law are not permitted, a party may propound such interrogatories to seek the factual basis for the opposing party's position on an issue. *See AngioScore, Inc. v TriReme Medical, Inc.*, Case No. 12-cv-03393-YGR (JSC), 2014 WL 7188779 at *5 (N.D. Cal. Dec. 16, 2014) ("If, as a legal matter, Defendant contends he was not under a legal duty to disclose the opportunity to Plaintiff, then Defendant should say so and explain why."); Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . .").

However, the Court agrees with HCL that Interrogatory No. 2 is not limited to discovery of HCL's contention that it had no obligation under 41 C.F.R. part 60-2 or to the facts that support such a contention. The interrogatory asks for HCL's description of its "federal affirmative action obligations, including but not limited to" other more specific information. HCL is correct that an interrogatory seeking a narrative description of all of HCL's federal legal obligations concerning affirmative action is neither relevant nor proportional to the needs of this case, nor a proper subject for an interrogatory. For this reason, HCL need not answer Interrogatory No. 2. However, plaintiffs may withdraw this interrogatory and serve a different interrogatory that complies with Rule 33 of the Federal Rules of Civil Procedure, consistent with the discussion above.

3

## B. Interrogatory No. 3 (Set 2)

Plaintiffs ask the Court to require HCL to answer Interrogatory No. 3, which states:

> Identify all persons who provided factual information in connection with your answers to Plaintiffs' Interrogatories (including this set of interrogatories, prior sets of interrogatories, and any subsequent sets of interrogatories), including, for each such person, his or her title, position, department, employee number, duties and the specific Interrogatory(ies) for which the person provided information.

Dkt. No. 69-2 at 6. Plaintiffs say that, with respect to the interrogatories HCL has answered so far, HCL's corporate representative, Kuldeep Rawat, has relied on the following statement when verifying HCL's answers:

> I am informed and believe that the facts stated in the foregoing responses are within knowledge of Defendants but not entirely within my personal knowledge, that there is not one agent or officer who has personal knowledge of all such facts, and that the facts stated herein have been assembled by authorized agents and counsel of Defendants. Subject to this limitation, I am informed and believe that the facts stated in the foregoing responses are true and correct.

Dkt. No. 70 at 1; Dkt. No. 70-1 at 12. Plaintiffs want to know who provided the factual information on which HCL relied for its interrogatory answers so that they can "determine where the information came from, who relevant witnesses may be, and who may possess relevant discovery." Dkt. No. 70 at 2-3. HCL argues that this interrogatory impermissibly seeks discovery of information protected by the attorney work product doctrine. Dkt. No. 70 at 5-7. HCL also argues that this interrogatory contains as many subparts as there are interrogatories served (or to be served) and therefore exceeds Rule 33's 25-interrogatory limit. *Id.* at 7-8.

The Court first addresses whether HCL has waived its work product objection by failing to assert that objection in its written response to Interrogatory No. 3. *See* Dkt. No. 70 at 3; Dkt. No. 69-2 at 6. HCL does not dispute that it did not specifically object to this interrogatory on work product grounds in its written response, but argues that it preserved this objection by incorporating its "general objections" by reference into its responses to each interrogatory, including Interrogatory No. 3, and by raising the objection in subsequent correspondence with plaintiffs' counsel. Dkt. No. 70 at 8.

Under Rule 33(b)(4), the grounds for objecting to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4). "General objections" incorporated by reference are

insufficient. *See, e.g.*, *Shyh-Yih Hao v. Wu-Fu Chen*, No. C10-00826 LHK (HRL), 2011 WL 741225, at *1 (N.D. Cal. Feb. 24, 2011). Generally, any objection that is not timely stated is waived, unless the Court, for good cause, excuses the failure to object. Fed. R. Civ. P. 33(b)(4). However, the Ninth Circuit has rejected a *per se* waiver rule with respect to the assertion of privileges, and instead requires courts to engage in a "holistic reasonableness analysis" that considers several factors. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147-1149 (9th Cir. 2005).

HCL did not timely assert a work product objection in its response to Interrogatory No. 3, and it provides no explanation for its failure to comply with Rule 33(b)(4) or for its reliance on "general objections." However, the Court is reluctant to find waiver in these circumstances, where the objection appears to have been asserted a few days later in correspondence between counsel and where the failure to assert work product protection concerns a single interrogatory. *See id.* at 1149 (discussing factors to be considered when evaluating waiver of privilege). As nothing in the record suggests plaintiffs will be prejudiced if the Court resolves HCL's work product objection on the merits, the Court concludes that it would be inappropriate to find waiver here.

The Court next considers whether Interrogatory No. 3 seeks the disclosure of information protected by the work product doctrine. This doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981). It does not protect facts from disclosure, unless disclosure of those facts would inherently reveal an attorney's strategies or mental impressions. *See, e.g.*, *O'Toole v. City of Antioch*, No. 11-cv-01502-PJH (MEJ), 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 WL 2327191, at *4–5 (N.D. Cal. June 18, 2012).

HCL's work product objection to Interrogatory No. 3 presents a close call. On the one hand, HCL's corporate representative attests that the facts stated in HCL's interrogatory answers "have been assembled by authorized agents and counsel of Defendants," implying that other

5

individuals besides the representative have knowledge of those facts. On the other hand, plaintiffs' interrogatory is not limited to an identification of those "authorized agents" with knowledge of the facts; rather, the interrogatory asks HCL to identify "all persons who provided factual information *in connection with your answers* to Plaintiffs' Interrogatories," which is broad enough to include anyone who assisted counsel in gathering factual information or whom counsel identified and sought out for such assistance.

The Court has reviewed the cases cited by the parties and finds the decision in *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199 (E.D.N.Y. 2007) the most persuasive. In *Strauss*, the court distinguished between interrogatories seeking the identities of people with knowledge, which is clearly permissible, and interrogatories seeking the identities of people contacted or interviewed by counsel during an investigation, which is not. *Id.* at 231 (citing cases). In considering an interrogatory similar to plaintiffs' Interrogatory No. 3, the court observed that the interrogatory did not simply ask for the identities of witnesses with knowledge of the facts, but asked for the identities of witnesses who participated in the preparation of the interrogatory responses, potentially revealing the witnesses whom counsel considered the most relevant or important to the case. *Id.* at 231-32. The *Strauss* court denied a motion to compel an answer to that interrogatory on work product grounds. *Id.* Here, Interrogatory No. 3 raises similar concerns because it frames the question in a way that implicates information about counsel's efforts to obtain the factual information necessary to answer plaintiffs' interrogatories. Because the Court concludes that Interrogatory No. 3 implicates HCL's work product protection, HCL need not answer this interrogatory. However, plaintiffs may withdraw this interrogatory and serve a different interrogatory that asks HCL to identify witnesses with knowledge of particular subject matter.[2]

**IT IS SO ORDERED.**

Dated: January 30, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] Because the Court concludes that HCL need not answer Interrogatory No. 3, it does not reach the question of whether that interrogatory would have exceeded the 25-interrogatory limit.