UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY HANDLOSER, et al.,

Plaintiffs,

v.

HCL AMERICA, INC., et al.,

Defendants.

Case No. 19-cv-01242-LHK (VKD)

**ORDER RE DISCOVERY DISPUTE NO. 6**

Re: Dkt. No. 86

The parties dispute whether defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL") should be required to answer plaintiffs' Interrogatories Nos. 1 and 2 (Set 4). Dkt. No. 86. Interrogatory No. 1 states:

> Identify each year from 2014 forward that HCL was a nonconstruction contractor or subcontractor for the federal government (within the meaning of 41 C.F.R. § 60-2.1) with 50 or more employees in the United States and federal contracts worth $50,000 or more.

Interrogatory No. 2 states:

> For any year from 2014 forward in which HCL contends it was not required to prepare affirmative action programs of the type required by 41 C.F.R. part 60-2, state all facts supporting your contention.

Dkt. No. 86-1 at 3. HCL responded with identical objections to each interrogatory and refused to answer. Dkt. No. 86-2 at 4-6.

This dispute follows the Court's resolution of a prior disagreement regarding whether HCL should be required to answer an interrogatory concerning its obligations, if any, to have an affirmative action program under the federal regulations that apply to certain government contractors. *See* Dkt. Nos. 69, 74. In resolving the prior dispute, the Court considered and rejected HCL's relevance objection as follows:

> The federal regulations at 41 C.F.R. part 60-2 provide that certain "nonconstruction (supply and service) contractors" working with the federal government must develop "affirmative action programs." 41 C.F.R. § 60-2.1. The purpose of an affirmative action program is as a "management tool designed to ensure equal employment opportunity." 41 C.F.R. § 60-2.10(a)(1). According to the regulations, "[a] central premise underlying affirmative action is that, absent discrimination, over time a contractor's workforce, generally, will reflect the gender, racial and ethnic profile of the labor pools from which the contractor recruits and selects." *Id.* The regulations include requirements governing the contents of these programs and procedures for evaluating contractors' compliance with them. *See, e.g.,* 41 C.F.R. § 60-2.10.
>
> The Court agrees with plaintiffs that *if* HCL had an obligation under 41 C.F.R. part 60-2 to develop and comply with an affirmative action program, its failure to do so may be relevant to plaintiffs' claim of intentional racial discrimination. . . . In these circumstances, plaintiffs should be permitted to discover the factual basis for any contention by HCL that it did not have an obligation to develop an affirmative action program under 41 C.F.R. part 60-2 during the relevant period of time, particularly if HCL intends to rely on those facts in disputing plaintiffs' allegations of intentional discrimination.

Dkt. No. 74 at 2-3. The Court also rejected HCL's objection that a contention interrogatory seeking the factual basis for its position on whether HCL had such an obligation was improper. *See id.* at 3. However, the Court concluded that the at-issue interrogatory was not limited to discovery of HCL's contention that it had no obligation under the federal regulations or to the facts that support such contention, and denied plaintiffs' motion to compel an answer. *Id.*

With Interrogatories Nos. 1 and 2 (Set 4), plaintiffs attempt to remedy the defects of the interrogatory at issue in the prior dispute. In the parties' joint submission, defendants rely on three objections: (1) the interrogatories seek information that is not relevant to any issue in the case; (2) answering the interrogatories would disclose privileged or work product information; (3) because the answers are not relevant to class certification and because answering the interrogatories requires HCL to undertake a burdensome analysis, it should not be required to answer until later in the discovery period. Dkt. No. 86 at 6-9. The Court considers each of these objections.

HCL's first objection is easily resolved. The Court has already concluded that if HCL had an obligation under 41 C.F.R. part 60-2 to develop and comply with an affirmative action program, its failure to do so is relevant to plaintiffs' claim of intentional discrimination. *See* Dkt.

No. 74 at 2-3. The Court has identified no reason to revisit this conclusion.

HCL's second objection also is easily resolved. Neither interrogatory requires HCL to disclose any communications with counsel or counsel's work product. The fact that counsel's analysis may be required to formulate an answer to these interrogatories does not mean that the interrogatories require disclosure of that analysis. Interrogatory No. 1 asks HCL to identify the years during which it was a nonconstruction contractor or subcontractor within the meaning of 41 C.F.R. part 60-2, and Interrogatory No. 2 asks HCL to state, for any year in which HCL contends it had no affirmative action obligation under 41 C.F.R. part 60-2, what facts support that contention. While HCL is correct that both interrogatories seek, implicitly or explicitly, its contention with respect to whether it met the requirements for application of 41 C.F.R. part 60-2, the Court previously concluded that an interrogatory answer that requires application of law to fact does not render the interrogatory objectionable. *See id.* at 3. The Court has identified no reason to revisit this conclusion.

HCL's third objection has two premises. The first premise is that the answers to Interrogatories Nos. 1 and 2 are not relevant to the question of class certification. While the evidence plaintiffs seek via these interrogatories is unlikely to be dispositive of any class certification issue, it is likely relevant to the question of HCL's discriminatory intent as applied to the proposed class as a whole. In any event, as HCL readily acknowledges, the presiding judge has not bifurcated discovery in this case. The second premise for HCL's objection is that the interrogatories require it to undertake a burdensome analysis. This theme is reflected in HCL's written objections to Interrogatories Nos. 1 and 2, in which HCL asserts that "[t]o prepare an answer to the interrogatory, Defendants would need to conduct an extensive review of their operations, analyze those operations, and prepare a response . . . ." *See, e.g.,* Dkt. No. 86-2 at 4. The Court infers from these statements that HCL *does not know* whether it is or was a nonconstruction contractor or subcontractor within the meaning of 41 C.F.R. part 60-2 or whether it has or had an obligation to prepare an affirmative action program—i.e. that it has no position either way.

On the present record, the Court is unable to evaluate whether HCL's assertion that it does

not know and does not have a position on the applicability of 41 C.F.R. part 60-2 is reasonable or implausible. Rule 33(b) requires a corporate defendant to answer an interrogatory based on information available to it. Fed. R. Civ. P. 33(b). If HCL cannot answer the substance of Interrogatories Nos. 1 and 2 because it does not know whether it is or was a nonconstruction contractor or subcontractor within the meaning of 41 C.F.R. part 60-2 or whether it has or had an obligation to prepare an affirmative action program, and it does not take a position on these issues, it should amend its answers to both interrogatories to so state. However, HCL may not simply refuse to answer these interrogatories because it does not wish to disclose that it met or currently meets the criteria of the regulation but has failed to comply with it.

HCL shall serve amended responses to Interrogatories Nos. 1 and 2 (Set 4) consistent with the direction in this order by **April 17, 2020**. The Court denies HCL's alternative request to postpone its duty to respond to these interrogatories until after class certification or until the end of discovery. However, the Court reminds HCL of its continuing duty to promptly supplement its interrogatory responses as required under Rule 26(e).

**IT IS SO ORDERED.**

Dated: April 10, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4