UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES NOS. 7 AND 8**<br><br>Re: Dkt. No. 87, 88 |

Plaintiffs and defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL") continue to bicker over HCL's collection and production of ESI, even though the Court has issued several orders on this subject and has admonished both parties for their lack of cooperation. The Court addresses each of the current disputes.

**ESI Custodians**

The parties disagree about the correct interpretation of the following portion of the Court's January 7, 2020 order:

> 2. Plaintiffs may identify the following custodians whose records will be searched by HCL for responsive ESI:
>
>    a. Any person who was the U.S. head of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward; and
>
>    b. Up to 10 additional individual custodians, identified by name or position, as to whom plaintiffs have a factual basis to believe that the custodian has relevant and responsive information.

Dkt. No. 64 at 2. Plaintiffs take the position that even though paragraph 2(b) permits them to identify "up to 10 additional individual custodians," if they can only identify a custodian by position then they may obtain discovery of as many custodians as occupied that position during

the relevant period of time. Dkt. No. 88 at 4-5. HCL disagrees, and says that "up to 10 individual custodians" means no more than 10 additional unique custodians.

The Court's prior order attempted to provide a solution to a problem that both parties created. On the one hand, plaintiffs demanded HCL search the ESI of an unreasonably large number of proposed custodians, and on the other hand, HCL failed to provide information necessary to limit the number of custodians. *See* Dkt. No. 64 at 2. For this reason, the Court permitted plaintiffs to obtain ESI from any custodian who occupied one of 5 specific positions during the discovery period, pursuant paragraph 2(a). The Court appreciated that this directive could result in the identification of more than 5 unique individual custodians if more than one person occupied a given position, but it was impossible to know at the time of the order because HCL had not produced the necessary information. At the same time, the Court permitted plaintiffs to obtain ESI from up to 10 other *individual* custodians, so long as plaintiffs had a factual basis to believe that the individual had relevant and responsive information, pursuant to paragraph 2(b). The fact that plaintiffs are permitted to identify these up to 10 additional individuals by name or position does not mean that they are allowed to identify *more than 10* additional individuals if a particular position was occupied by more than one person.

Plaintiffs' reading of the Court's prior order is not reasonable.

**Schedule for Production of ESI**

The parties advise that, consistent with the Court's January 7, 2020 order, they agreed to a final list of ESI search terms on February 7, 2020. *See* Dkt. No. 87 at 2, 6. HCL advises that its production of documents responsive to those search terms has been delayed because a ransomware attack disabled HCL's e-discovery service provider for three weeks in March. *Id.* at 6. Plaintiffs say that, even taking this three-week delay into account, HCL's has not timely produced responsive ESI, and they demand a court order setting deadlines for production in view of the then-pending deadline for their motion for class certification. *Id.* at 3. HCL objects that plaintiffs' proposed deadlines are unreasonable, but offers no competing proposal. *Id.* at 8-9.

On April 1, 2020, after the parties submit this discovery dispute to the Court, the presiding judge issued a further case management order extending the case deadlines by approximately two

2

months. Dkt. No. 92. The presiding judge faulted both parties for their discovery-related conduct and lack of cooperation and encouraged them to "try to start fresh with a more cooperative relationship." *Id.* This feedback applies to the parties' current dispute over a schedule for HCL's production of ESI.

The Court orders the parties to confer further and attempt again to reach agreement on a schedule for HCL's production of ESI, in view of the recent two-month extension of the case deadlines. The Court expects HCL to commit to *specific* dates for a *rolling* production of documents for the custodians that plaintiffs have identified to date. The parties should also discuss whether and when plaintiffs will identify additional individual custodians. Plaintiffs should not expect the Court to set deadlines for production from any custodians who have not been selected and for whom HCL has not had an opportunity to run search terms to assess the volume of material that needs to be processed for production.

The parties shall file an agreed schedule for production of ESI as a stipulation and proposed order for approval by the Court no later than **April 20, 2020.** In the event they are unable to agree on a schedule, each side may submit its proposed schedule for the Court's consideration by that date.

**IT IS SO ORDERED.**

Dated: April 10, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge