UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE HCL'S COMPLETION OF ESI REVIEW AND PRODUCTION** |

Plaintiffs and defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL") jointly filed a report on June 15, 2020 concerning the status of HCL's collection, review and production of ESI. Dkt. No. 122. The Court held a discovery hearing on June 17, 2020 during which the parties provided additional information concerning these matters.

To facilitate the completion of HCL's review and production of ESI, the Court orders as follows:

1.   In view of the anticipated volume of documents remaining to be reviewed, HCL must complete its production of responsive ESI from the 16 custodians identified in the parties' joint status report at pp. 2-3 by **September 30, 2020**. HCL shall continue to produce responsive documents to plaintiffs on a rolling basis at least monthly.

2.   If the modified search strings plaintiffs have proposed for custodians Govindan, Rajan, and Kamal result in fewer documents for review, HCL shall apply those search strings before conducting a review of those custodians' documents.

3.   Plaintiffs must demonstrate good cause for requesting the production of ESI from any other custodian. Good cause requires not only a factual basis for believing that the custodian

has relevant information and that discovery of the custodian's ESI is proportional to the needs of the case, but also a showing of why plaintiffs did not identify the custodian earlier.

4.      HCL will continue to use computer-assisted learning technology ("CAL") to conduct the review of potentially responsive documents.  HCL shall instruct its document review team that the two categories of documents the parties agree are not relevant—(1) "one-off" communications relating to, for example, one particular email string about one particular job applicant's implementation of an offer, or relating to an email about the processing of one particular job applicant's visa application, and (2) documents that contain only passing references to "buzzwords" that happened to also be search terms—should be coded "non-responsive."  HCL shall provide its document reviewers with the specific documents in these two categories that HCL shared with plaintiffs so that the document reviewers will be guided by these examples in identifying non-responsive documents.

5.      During the June 17, 2020 hearing, the parties agreed that HCL's review and production of ESI may cease once the CAL software indicates that a particular threshold of responsiveness or non-responsiveness has been reached.  Accordingly, HCL may cease its review and production of ESI once the CAL software indicates that there is a 90% certainty that there are no responsive documents among the documents remaining for review.

6.      If HCL determines that the application of a particular search string or review parameter generates an unreasonable number of review documents that are not relevant and responsive, HCL must promptly communicate the problem to plaintiffs and propose a specific solution.  Plaintiffs must promptly respond to HCL's proposal and may offer their own proposal. The Court expects the parties to cooperate in resolving such disagreements without delaying HCL's review.  However, if plaintiffs do not accept a reasonable proposal from HCL and do not offer a reasonable counterproposal, and as a result HCL must review an unreasonable number of irrelevant or non-responsive documents, HCL may apply to the Court to shift the cost of that

2

unnecessary review to plaintiffs.

**IT IS SO ORDERED.**

Dated: June 17, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge