UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE VDART DOCUMENTS**<br><br>Re: Dkt. No. 128 |

The parties ask the Court to resolve a discovery dispute concerning plaintiffs' efforts to obtain production of documents originally in the possession of non-party VDart, Inc. ("VDart"). Dkt. No. 128. The Court heard oral argument on the matter on August 4, 2020. At the Court's direction, the parties submitted supplemental information after the hearing. *See* Dkt. Nos. 133, 134.

For the reasons explained below, the Court concludes that, given the particular circumstances presented here, plaintiffs may obtain discovery of the VDart documents on substantially the same terms as initially agreed between VDart and plaintiffs.

**I.   BACKGROUND**

According to the pleadings, defendants HCL America, Inc. and HCL Technologies Ltd. (collectively, "HCL") provide technology services, products, and engineering, including business consulting and outsourcing services to clients in the United States and elsewhere. Dkt. No. 40 ¶¶ 5, 6; Dkt. No. 45 ¶¶ 5, 6. Plaintiffs Gregory Handloser and Cerafin Castillo are unsuccessful applicants for employment with HCL in the United States. Dkt. Nos. 40 ¶¶ 22-41. Both believe that HCL chose not to hire them because they are not of South Asian descent. *Id.*

Plaintiffs allege that HCL engages in a pattern or practice of racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq*. Dkt. No. 40. Specifically, plaintiffs allege that at least 70% of HCL's U.S.-based workforce is South Asian, even though only about 12% of the relevant labor pool is South Asian. *Id.* ¶ 21. Plaintiffs contend that HCL uses various techniques to achieve a workforce with these disproportionate demographics and that these techniques amount to a pattern and practice of intentional employment discrimination based on race. *Id.* ¶¶ 14-20 53, 58. Plaintiffs seek to represent a class of "[a]ll individuals who are not of South Asian race, or Indian national origin, or visa holders who applied for positions with (or within) HCL in the U.S. and were not hired." *Id.* ¶ 42.

HCL denies the allegations of discrimination, objects to treatment of the matter as a class action, and raises a number of affirmative defenses. Dkt. No. 45.

On September 25, 2019, plaintiffs issued a subpoena for documents to non-party VDart. Dkt. No. 128 at 2. VDart is one of several companies in the United States that HCL uses to recruit applicants for its U.S. workforce. *Id.* at 6. Plaintiffs' subpoena seeks the following documents from VDart:

(1) all documents relating to contracts with HCL;

(2) all communications with HCL;

(3) all documents relating to VDart's efforts to locate and/or recruit individuals to work as employees or contractors for HCL; and

(4) all documents relating to the race, national origin, or citizenship status of the individuals VDart proposed to HCL or selected to work for HCL as employees or contractors.[1]

Dkt. No. 128 at 2 (citing Dkt. No. 118 at 3). Plaintiffs provided a copy of the subpoena to HCL on September 17, 2019. Dkt. No. 128 at 3. Plaintiffs served the subpoena on VDart on September 25, 2019. *Id.* at 2. Apparently, the subpoena required compliance by VDart in the Northern District of Georgia. Dkt. No. 131

---

[1] The VDart subpoena was not provided to the Court in connection with this dispute, but the parties quote from it and appear to agree about what it requests.

VDart apparently served written objections to the subpoena on November 7, 2019. Dkt. No. 128 at 7; Dkt. No. 128-2 at 4. HCL describes these objections as "timely," although neither party advises the Court of the return date on the subpoena. Apparently, VDart agreed to produce its contracts with HCL but refused to produce other responsive documents based on its objections to the subpoena. Dkt. No. 128 at 7. According to HCL, these objections included that the subpoena exceeded the scope of permissible discovery and was unduly burdensome and expensive in view of the cost VDart would have to incur to retrieve and review its email exchanges with HCL.[2] *Id.* at 7.

HCL did not move to quash or modify the VDart subpoena, did not seek a protective order, and did not otherwise convey to plaintiffs any objections to the subpoena before the return date for VDart's production. Dkt. No. 128 at 3; Dkt. No. 134 ¶ 1 (reflecting date HCL first communicated objections to plaintiffs regarding VDart subpoena).

At some point, plaintiffs proposed that VDart produce responsive documents on the following terms: VDart would collect all emails it exchanged with HCL and could then apply a set of search terms provided by plaintiffs. VDart would screen the documents for privilege based on another set of search terms, and plaintiffs and VDart would stipulate to entry of an order providing that disclosure of any privilege would not operate as a waiver, pursuant to Federal Rule of Evidence 502(d). VDart's documents would not be used for any purpose other than this litigation, and VDart's production would be designated "highly confidential" under the protective order in this action. Dkt. No. 128 at 3. On May 7, 2020, VDart agreed to plaintiffs' proposal. *Id.*. On May 8, 2020, plaintiffs informed HCL of their agreement with VDart and asked whether HCL would consent to entry of a Rule 502(d) order. Dkt. No. 134-1 at 3. HCL did not respond for nearly two weeks. Then, on May 21, 2020, HCL advised plaintiffs that it would not consent to the proposed order, and further stated: "vDart cannot produce documents that are not relevant to the *Handloser* action, and any production would need to protect the status of HCL's confidential information in vDart's possession." Dkt. No. 134-1 at 1.

---

[2] VDart's objections to the subpoena were not provided to the Court in connection with this dispute.

On May 21, 2020, plaintiffs filed a motion requesting entry of an order providing that inadvertent disclosure of documents by VDart shall not constitute a waiver by VDart of any privilege or protection applicable to those documents. Dkt. No. 109. Plaintiffs advised the Court that VDart stipulated to this request, but that HCL did not. *Id.*

Plaintiffs say that when HCL learned of VDart's agreement with plaintiffs, "HCL pressured VDart to renege on its agreement with Plaintiffs, raising arguments about potentially confidential HCL documents, and instructing VDart that it would be in breach of its confidentiality agreement with HCL if it produced the documents." Dkt. No. 128 at 3. On May 29, 2020, VDart provided its collection of responsive documents to *HCL*, but did not provide the documents to plaintiffs. *Id.* HCL does not dispute that it received VDart's documents on May 29, 2020, but insists that it "did not threaten VDart." Dkt. No. 128 at 7. Rather, HCL says that "VDart, on its own, provided the ESI to HCL . . . to avoid the costs of complying with Plaintiffs' overbroad subpoena while honoring its contractual obligations to HCL." Dkt. No. 128 at 7.

Now in possession of VDart's documents, HCL filed a statement of non-opposition to plaintiffs' motion for entry of a Rule 502(d) order, taking the position that VDart had provided its documents to HCL "for review," and stating that "HCL will now work with Plaintiffs to discuss a reasonable scope of production, cost sharing, and how HCL should prioritize the review of the VDart documents in light of HCL's ongoing review and production of HCL's documents." Dkt. No. 118 at 3. The Court granted plaintiffs' motion for entry of a Rule 502(d) order on June 5, 2020. Dkt. No. 121.

Plaintiffs did not move to compel production of responsive documents from VDart. Instead, on June 8, 2020, plaintiffs served a request for production of documents on HCL seeking "[a]ll documents produced or provided to HCL in response to or in connection with a subpoena in this case," including the VDart documents now in HCL's possession. Dkt. No. 128-1 at 7. HCL objected to the request, and plaintiffs then attempted to negotiate with HCL for production of the VDart documents. Dkt. No. 128 at 8. These discussions reached an impasse on July 20, 2020 when the parties held a final conference of lead counsel. *Id.* Although the parties apparently had agreed to submit the dispute to the Court for resolution, plaintiffs separately emailed VDart's

4

counsel on that same day, attaching the Court's June 5, 2020 order and asking whether VDart would produce the responsive documents. *Id.* at 3, 8. In response, VDart sent plaintiffs a link to download the documents, and copied HCL. *Id.* at 3. HCL's counsel immediately responded with a request that VDart "stop plaintiffs from accessing the information." *Id.* at 3. VDart complied and disabled the link. *Id.*

Plaintiffs now ask for an order requiring HCL to produce all of the VDart documents to plaintiffs immediately. Dkt. No. 128 at 2. HCL opposes plaintiffs' request and asks the Court to find that the documents need not be produced. As an alternative, HCL says the Court should require the parties to negotiate search terms that will yield approximately 2,000 documents for review and should require plaintiffs to pay all expenses for processing, hosting and pre-production review of the resulting documents. *Id.*

## II.   LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure permits a party to obtain documents from a non-party by serving a subpoena on the non-party, with prior notice to all other parties. Fed. R. Civ. P. 45(a)(3), (a)(4). The party serving the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The scope of permissible discovery of non-parties under Rule 45 is generally commensurate with the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45 Advisory Comm. Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A non-party served with a document subpoena may object to the subpoena before the time

1 specified for compliance or within 14 days after service of the subpoena, whichever is earlier.
2 Fed. R. Civ. P. 45(d)(2)(B). The objecting non-party need not respond to the subpoena unless and
3 until the party serving the subpoena obtains an order compelling the document production from
4 the district court where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i), (ii). The objecting
5 non-party may, of course, resolve its objections to the subpoena by agreement with the serving
6 party. *See Spears v. First American Eappraiseit*, No. 5-08-cv-00868-RMW, 2014 WL 6901808 at
7 *2 (N.D. Cal. Dec. 8, 2014) ("Requiring litigation of discovery disputes would conflict with the
8 purpose of Rule 45, which is to 'avoid imposing undue burden or expense on a person subject to
9 the subpoena,' . . . and a sounder policy is to encourage parties to meet and confer and come to an
10 agreed resolution of discovery disputes."). Alternatively, a non-party may move to quash or
11 modify a subpoena before the district court where compliance is required, or the non-party may
12 move for a protective order in the district court where the action is pending. *See* Fed. R. Civ. P.
13 45(d)(3); Fed. R. Civ. P. 26(c).

14 An adverse party may not simply object to a subpoena served by its opponent on a non-
15 party. Instead, a party whose interests are affected by a non-party subpoena must move to quash
16 or modify the subpoena in the district where compliance is required in order to protect those
17 interests, or the affected party may move for a protective order in the district court where the
18 action is pending. *See* Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(c); *Brown v. Deputy No. 1*, No.
19 12-CV-1938-GPC BGS, 2014 WL 842946 at *3 (S.D. Cal. Mar. 4, 2014) ("A party cannot simply
20 object to a subpoena served on a non-party, but rather must move to quash or seek a protective
21 order."). Moreover, as a general matter, a party has no standing to move to quash or for a
22 protective order on the grounds that a subpoena seeks irrelevant information or would impose an
23 undue burden on the non-party. *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp.
24 3d 538, 545 (S.D.N.Y. 2016) (party may only move to quash subpoena where the party is seeking
25 to protect a personal interest or right); *Wells Fargo and Co. v. ABD Ins.*, No. C 12-03856 PJH
26 (DMR), 2012 WL 6115612 at *2 (N.D. Cal. Dec. 10, 2012) (party may seek a protective order
27 regarding subpoena if it believes its own interest is jeopardized); *see also* 9A Charles Alan Wright
28 & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008 & Supp. Apr. 2020)

1  ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a
2  party to the action, unless the objecting party claims some personal right or privilege with regard
3  to the documents sought."). Courts generally agree that a motion to quash under Rule 45 is timely
4  if made before the date specified for compliance with the subpoena. *U.S. ex rel. Pogue v.*
5  *Diabetes Treatment Centers of Am., Inc*., 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (discussing
6  1991 amendments to Rule 45 and summarizing prevailing authority).

### III.   DISCUSSION

According to plaintiffs, this dispute concerns a question of party discovery—i.e. they frame the issue as whether under Rule 34 of the Federal Rules of Civil Procedure plaintiffs may obtain production of all documents VDart provided to HCL. *See* Dkt. No. 128 at 5 ("Plaintiffs are not moving to compel pursuant to their subpoena to VDart, but pursuant to their document request to HCL . . . ."). HCL also treats the dispute as involving party discovery but emphasizes that its response to plaintiffs' document request includes objections to the VDart subpoena. *See id.* at 8 ("HCL issued detailed relevance and burden objections to *both* the request *and* the subpoena.") (emphasis in original; citing HCL responses to plaintiffs' document request).

This dispute cannot be resolved solely by reference to the rules that apply to party discovery. The disputed documents are not HCL's documents; they are VDart's. The VDart documents are only in HCL's possession because VDart provided them to HCL instead of plaintiffs, who subpoenaed them. And, critically, the documents are in dispute now only because HCL refuses to produce them to plaintiffs. Thus, the Court believes that resolution of this dispute should be guided and informed by what should have happened, had VDart and the parties complied with federal rules governing non-party discovery.

The Court first considers plaintiffs' subpoena to VDart from the perspective of Rule 45. The Court agrees with HCL that the requests in the VDart subpoena exceed the scope of permissible discovery in some respects. For example, the subpoena requires VDart to produce "all communications with HCL" regardless of whether those communications concern any matter at issue in this case. The Court also agrees with HCL that the subpoena encompasses documents likely to include at least some confidential information of HCL or HCL's customers. The

1  subpoena is objectionable, at least in part, and VDart objected to it.

2  However, after receiving VDart's objections, plaintiffs attempted to address VDart's
3  concerns. To address the burden and expense of the discovery, plaintiffs proposed that VDart
4  collect all emails it exchanged with HCL and then apply search terms to narrow the set of
5  documents for production. To address VDart's need to protect privileged documents from
6  disclosure, plaintiffs additionally proposed that VDart screen the documents for privilege by
7  applying another set of search terms, and offered to stipulate to a proposed court order that the
8  inadvertent disclosure of privileged material would not operate as a waiver. Finally, to address
9  VDart's concerns about confidentiality, plaintiffs proposed that VDart could designate any
10 unreviewed portion of its document production as highly confidential under the protective order.
11 These efforts are precisely what Rule 45 requires. Fed. R. Civ. P. 45(d)(1) ("A party or attorney
12 responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing
13 undue burden or expense on a person subject to the subpoena."). VDart then agreed to produce its
14 documents to plaintiffs.

15 Meanwhile, HCL did nothing to protect its interests. Although it had advance notice of the
16 subpoena, HCL did not move to quash or modify the subpoena before the date of compliance in
17 the Northern District of Georgia, and it did not seek a protective before the date of compliance in
18 this district. HCL cites no support for its position that it was not required to act to protect its rights
19 by moving to quash or modify the subpoena or for a protective order before the date of
20 compliance, and as noted above, the weight of authority is against HCL's position. *See Pogue*,
21 238 F. Supp. 2d at 278; *Odyssey Reinsurance Co. v. Nagby*, No. 16-CV-3038-BTM(WVG), 2018
22 WL 1963665, at *2 (S.D. Cal. Apr. 26, 2018) ("Motions to quash under Rule 45(d)(3)(A)(iii) are
23 required to be filed in a 'timely' fashion, which courts have read to mean before the compliance
24 date designated in the subpoena."). HCL may have hoped that VDart would stand on its
25 objections and refuse to produce documents, but such reliance is difficult to justify in view of the
26 framework established by Rule 45 for addressing the concerns of parties as well as non-parties.
27 *See* Fed. R. Civ. P. 45(a)(4) and Advisory Comm. Note (2013) (purpose of notice requirement is
28 "enabling the other parties to object or to serve a subpoena for additional materials"). While the

1  Court has broad discretion to enter a protective order under Rule 26(c), even if a party fails to file
2  a timely motion under Rule 45, such an order requires a showing of good cause. Fed. R. Civ. P.
3  26(c)(1); *Wells Fargo*, 2012 WL 6115612 at *2; *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385
4  (C.D. Cal. 2002). Good cause requires a showing of a substantial and particularized harm. *Rivera
5  v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). HCL has not shown good cause.

Having failed to take any steps to protect its interests under the federal rules, HCL was not entitled to instruct VDart to not comply with the subpoena after VDart and plaintiffs reached an agreement regarding VDart's compliance. The Court does not decide here whether HCL gave such instruction or otherwise obstructed plaintiffs' efforts to obtain discovery from VDart. That issue is not fully briefed in the parties' discovery dispute letter, and the Court has not reviewed plaintiffs' third motion for sanctions or HCL's opposition to it. However, the Court is disturbed by HCL's conduct *after* VDart provided its documents to HCL. HCL did not return the documents to VDart, nor did it provide the documents to plaintiffs. HCL retained the documents and now behaves as if the documents are HCL's to control. This is not an appropriate way to proceed in discovery, and the Court will not reward HCL's conduct by treating its current objections to plaintiffs' document request as if HCL were writing on a blank slate.

The Court resolves this dispute by restoring (approximately) the status quo before HCL obtained the VDart documents. HCL must produce the VDart documents to plaintiffs on the following terms:

1. HCL shall apply the search terms provided by plaintiffs to the VDart documents. HCL shall apply *either* the search terms plaintiffs originally proposed to VDart (Dkt. No. 133, Ex. 1), *or* the search terms plaintiffs more recently proposed to HCL (Dkt. No. 133, Ex. 2), whichever produces the *fewest* document hits.
2. HCL shall produce to plaintiffs all documents hit by the search terms.
3. HCL shall produce the documents with a "highly confidential" designation, pursuant to the operative protective order.
4. The Court's Federal Rule of Evidence 502(d) order (Dkt. No. 121) shall apply to the production.

Unless the parties stipulate otherwise, HCL must produce the VDart documents by **August 31, 2020.**

**IT IS SO ORDERED.**

Dated: August 13, 2020

*[Signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge