UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>HCL AMERICA, INC., et al.,<br><br>              Defendants. | Case No.  19-cv-01242-LHK (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FIRST AND SECOND MOTIONS FOR DISCOVERY SANCTIONS**<br><br>Re: Dkt. Nos. 77, 91 |

Plaintiffs Gregory Handloser and Cerafin Castillo have filed two motions for sanctions against defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") for discovery-related misconduct.  Dkt. Nos. 77, 91.  Because the matters raised in these motions overlap to some extent, the Court considers the motions at the same time.  The Court finds both motions suitable for resolution without a hearing.  Civ. L.R. 7-1(b).

For the reasons explained below, the Court grants plaintiffs' motions for sanctions with respect to HCL's failure to comply with portions of the Court's November 25, 2019 order.  The Court denies plaintiffs' motions for sanctions as to all other matters.

# I.    BACKGROUND

Plaintiffs ask the Court to sanction HCL for alleged discovery misconduct concerning several matters.  First, plaintiffs say that HCL did not timely produce the documents and information required in the Court's November 25, 2019 discovery order.  Dkt. No. 77 at 7; Dkt. No. 91 at 6-9.  Second, plaintiffs say that HCL has relied on broad boilerplate objections to plaintiffs' discovery requests that do not specifically identify what is objectionable or the reasons for the objections, but instead invite a conference of counsel to discuss the objections, thus

delaying and obstructing plaintiffs' discovery efforts.   Dkt. No. 77 at 8.   Third, plaintiffs say that HCL has not cooperated in the prompt resolution of discovery disputes and has not complied with the Court's Standing Order, which sets out procedures for resolving such disputes.  *Id.* at 7-8.  The Court describes each of these matters in more detail below.

### A.   The Court's November 25, 2019 Stipulated Order

On November 25, 2019, pursuant to the parties' stipulation, the Court signed an order resolving several discovery disputes.  First, the Court ordered HCL to produce certain data with respect to applicants, employees, and contractors of HCL responsive to plaintiffs' document requests by January 9, 2019:

> RFPs 1-3:  HCL will produce the data fields requested by Plaintiffs from its SAP, iTAP, and GIS systems. . . .  HCL will provide a data dictionary or comparable information that explains the contents of each produced data field within one week of each production.

Dkt. No. 55 at 2.  In addition, the Court ordered HCL to provide documents and/or information identifying certain individuals within HCL by December 9, 2019:

> RFP 6:  HCL will produce organizational charts that identify the senior manager for the Immigration, TAG, WPC, and HR departments, as well as any other relevant department, those managers' direct reports, and all executives above the senior managers in the reporting chain.  If organizational charts are not available, HCL will otherwise identify these individuals.

Dkt. No. 55 at 3.  In addition, the Court ordered HCL to produce the following documents by January 15, 2020:

> RFP 5:  HCL will produce responsive business plans and regularly produced reports . . . regarding visas, hiring, staffing contractors, benching, or terminations that:  (1) are identified by managers of the relevant departments, or (2) are stored in centralized repositories. . . .

> RFP 9:  HCL will produce its 2014 EEO-1 reports.  HCL will produce the underlying data used to create its EEO-1 reports to the extent the data exist in an existing file, can be located subject to a diligent search, and will not need to be re-extracted from a database. . . .

*Id.* at 2-3.  Finally, the Court ordered HCL to produce the following documents by January 22, 2020:

United States District Court
Northern District of California

2

1

2

3

> RFP 11:  HCL will produce race and national origin discrimination complaints filed with an agency or in court, its answer or response to such complaints, and its communications with the agency regarding the complaints.  Internal grievances will be collected and produced to the extent they are located in a centralized location . . . .

4   *Id.*at 3.[1]

5          With respect to applicant, employee, and contractor data (RFPs 1-3), HCL acknowledges

6   that its production of data on January 9, 2019 omitted the names of all applicants.  Dkt. No. 91 at

7   2; Dkt. No. 95 at 3, 6.  HCL reproduced the applicant data with names several weeks later on

8   February 5, 2020.  Dkt. No. 95 at 6.  Plaintiffs complained that the reproduced data reflected that

9   many applicants (including the named plaintiffs) were missing from HCL's production and asked

10  HCL for an explanation.  HCL declined to explain why specific individuals' names were missing

11  from the production, and instead suggested that plaintiffs serve additional discovery requests to

12  obtain an explanation of the missing data.  Dkt. No. 91 at 2; Dkt. No. 95 at 6.  On March 20, 2020,

13  HCL reproduced data sets responsive to each of RFPs 1-3 (not just applicant data responsive to

14  RFP 1).  Dkt. No. 91 at 3; Dkt. No. 95 at 2-3.  HCL says that it discovered that its original

15  production of documents responsive to RFPs 1-3 inadvertently omitted some responsive data.

16  Dkt. No. 95 at 3.

17          With respect to organizational charts and information (RFP 6), HCL acknowledges that it

18  did not timely comply with the Court's order.  On December 9, 2019, HCL produced only a

19  "recent HR organizational chart" and "written response supplementing the chart with names of

20  additional individuals and their roles."  Dkt. No. 66, ¶¶ 14, 15.  On January 7, 2020, the Court

21  ordered HCL to file a declaration of counsel either attesting to HCL's subsequent full compliance

22  the portion of the order relating to RFP 6 or explaining why HCL should not be sanctioned for its

23  failure to comply.  Dkt. No. 64 at 3.

24          After further investigation, HCL produced additional organizational charts on January 9,

25

26  ──────────────

27  [1] In their opening brief in support of the first sanctions motion (Dkt. No. 77), plaintiffs assert that HCL also did not timely produce documents responsive to RFPs 4 and 7, as provided in the November 25, 2019 order.  However, they do not press this point in their reply, in view of HCL's

28  assertion that it did timely comply with this part of the order.  *See* Dkt. No. 78 at 5 n.4; Dkt. No. 81 at 2-5.

United States District Court
Northern District of California

United States District Court
Northern District of California

10, and 15, 2020.  Dkt. No. 66 ¶¶ 16, 17.  Also on January 9, 2020, in response to a separate court order, HCL identified "the U.S. department heads of relevant departments from 2014 to present day[.]"  *Id.* ¶ 17.  In a January 15, 2020 declaration, HCL's counsel stated:  "As of today, HCL has produced the organization charts it believes cover each of the years for 2014 to the present that it has been able to locate through a diligent, iterative process conducted over many months.  HCL is now in compliance with the Court's November 25, 2019 order regarding the production of its organizational charts (ECF No. 55 at 3)."  *Id.* ¶ 18.  The declaration does not say whether, for those charts that could not be located, HCL had "otherwise identif[ied]" the senior managers, their direct reports, and all executives in the reporting chain above the senior managers.

With respect to responsive documents concerning HCL's business plans and reports, EEO-1 complaints and data, and internal grievances (RFPs 5, 9, and 11), HCL says that it substantially complied with the Court's November 25, 2019 order, although it acknowledges that some of its production was late.  Specifically, with respect to RFPs 5 and 9, HCL says that it produced some business plans and additional EEO-1 data on February 19 and 26, 2020, consisting of 10 presentations with attachments, 14 emails with attachments, and three Excel spreadsheets.  Dkt. No. 78 at 6.  With respect to RFP 11, HCL says that it produced an Excel spreadsheet reflecting information about 15 internal grievances on January 29, 2020, and two complaints totaling 30 pages from a centralized HR email account on February 19, 2020.  *Id*. at 5-6.  HCL says that these small supplemental productions followed its substantial timely production of over 4,000 pages and native files as required by Court's November 25, 2019 order.  *Id*. at 6.

Plaintiffs do not dispute HCL's description of what it produced and when.

**B.     HCL's Responses to Plaintiffs' Document Requests**

Focusing principally on HCL's responses to plaintiffs' first set of document requests, plaintiffs say that HCL relied on pages of boilerplate, non-specific objections, while failing to state which documents it was withholding from production on the basis of each objection, as required by Rule 34(b)(2).  Dkt. No. 77 at 8.  Because HCL was not forthcoming about its actual objections, plaintiffs say that several conferences of counsel were required just to understand HCL's position and that this substantially delayed HCL's production of documents, as well as the

1   resolution of the parties' discovery disputes.  *Id.*

2        HCL responds that its objections to plaintiffs' document requests included specific

3   objections as well as general objections.  HCL contends that its objections were warranted because

4   plaintiffs' requests were overbroad.  Dkt. No. 78 at 16-17.

5        **C.    Discovery Dispute Resolution**

6        Plaintiffs complain that HCL does not cooperate in discovery generally and engages in

7   behavior that frustrates plaintiffs' efforts to obtain discovery and resolve disputes.  Specifically,

8   plaintiffs say that HCL's counsel did not respond to five discovery-related emails plaintiffs'

9   counsel sent between January 31 and February 5, 2020 until plaintiffs demanded a conference of

10  lead counsel, which took place on February 18, 2020.  Dkt. No. 77 at 4-5.  Plaintiffs also say HCL

11  resists plaintiffs' requests for a conference of lead counsel (required before a discovery dispute

12  may be submitted to the Court), arguing that the parties must first engage in good faith efforts to

13  resolve the dispute, which HCL then avoids doing.  *Id.* at 5, 8; *see also* Dkt. No. 81 at 7.

14       HCL acknowledges that its counsel did not substantively respond to plaintiffs' January 31

15  – February 5 discovery communications until the conference of lead counsel on February 18,

16  2020.  Dkt. No. 78 at 9.  HCL explains that delay by pointing out that its counsel has responded

17  more promptly to other emails, noting that HCL and its counsel have been busy with other work

18  on the case, and asserting that sometimes it takes more than a day or two to prepare a response to

19  plaintiffs' counsel's inquiries.  *Id.* at 9-10.  HCL denies that it has been uncooperative in discovery

20  or the discovery dispute resolution process.

21       **D.    Requested Sanctions**

22       Plaintiffs ask the Court to admonish HCL regarding its discovery misconduct and order

23  HCL to comply with existing court orders and discovery obligations.  In addition, plaintiffs ask the

24  Court to order defendants to cooperate in discovery and to comply with stricter procedures for the

25  resolution of discovery disputes.  With respect to HCL's March 20, 2020 document production,

26  plaintiffs ask that the Court preclude plaintiffs from relying on that material for any purpose.

27  Finally, plaintiffs ask the Court to extend plaintiffs' case deadlines, and award plaintiffs the

28  attorneys' fees and expenses incurred in bringing their motions for sanctions.  Dkt. No. 77 at 13-

United States District Court
Northern District of California

15; Dkt. No. 91 at 7-8, 10.  HCL argues that sanctions in any form are not warranted and are improper in the circumstances.  Dkt. No. 78 at 13-21; Dkt. No. 95 at 12-20.

## II.      LEGAL STANDARD

Plaintiffs move for sanctions pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure.

Rule 26 requires a party's attorney of record to sign the party's written discovery responses.  Fed. R. Civ. P. 26(g).  Counsel's signature operates as a certification "to the best of [counsel's] knowledge, information, and belief formed after a reasonable inquiry" that the discovery response is:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).  The Advisory Committee Notes accompanying Rule 26(g) reflect that the "reasonable inquiry" standard is satisfied "if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances."  Fed. R. Civ. P. 26 advisory committee's note, 1983 amdt., subdivision (g).  The reasonableness of counsel's inquiry is measured by an objective standard and does not require a showing of bad faith.  *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987).  "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  Fed. R. Civ. P. 26(g)(3).

Rule 37(b) concerns sanctions for failure to comply with a court order.  If a party fails to obey an order to provide discovery, a court may order sanctions including, among other things, prohibiting the disobedient party from supporting or opposing certain claims or defenses, or from introducing certain matters in evidence.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Instead of or in addition

to other sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.   DISCUSSION

The Court first considers each of plaintiffs' three grounds for sanctions, and then considers what sanctions, if any, are warranted.

### A.   HCL's Compliance with the Court's November 25, 2019 Order

Plaintiffs seek sanctions under Rule 37(b) for HCL's failure to comply with the Court's November 25, 2019 order. HCL concedes that it did not fully and timely comply with the Court's November 25, 2019 order as regards plaintiffs' RFPs 1-3, 5, 6, 9 and 11. However, HCL argues that it substantially complied with the order, and in any event, its late productions, including documents produced on March 20, 2020, were substantially justified in the circumstances of this case.

#### 1.   RFPs 5, 9 and 11

The Court finds that HCL substantially complied with the deadlines set in the November 25, 2019 order with respect to plaintiffs' RFPs 5, 9 and 11. HCL's late supplemental productions responsive to these requests were relatively limited and were made within a few weeks of the court-ordered deadline. While the Court disapproves of HCL's failure to comply fully with deadlines HCL itself negotiated and stipulated to in the first instance, the Court finds that HCL's conduct does not warrant sanctions.

#### 2.   RFPs 1-3

With respect to plaintiffs' RFPs 1-3, the Court finds that HCL did not substantially comply with the deadlines set in the November 25, 2019 order. While the three data sets HCL produced on March 20, 2020 may have included only two percent more data than HCL's original production, the problem is that plaintiffs' case analysis depends on having access to complete and accurate data. HCL had five months after receiving plaintiffs' RFPs 1-3 to investigate the nature and location of responsive data, and to assess what would be required to collect, review, and

United States District Court
Northern District of California

1 produce that data.  HCL then agreed to make this production by January 9, 2020, and the Court so

2 ordered.  *See* Dkt. No. 55.  While it was not reasonable for HCL to assume that compliance with

3 RFPs 1-3 permitted it to omit the names or identities of the individuals at issue, so long as it

4 supplied the additional data fields negotiated with plaintiffs, this problem appears to have been

5 promptly corrected after plaintiffs complained and, standing alone, would not warrant sanctions.

6 However, HCL's original production included other material gaps that were not corrected until

7 March 20, 2020, more than ten weeks after the deadlines set in the November 25, 2019 order.  The

8 Court is not persuaded that the difficulty of the collection, review, and production process for this

9 material is an adequate excuse for HCL's delay.  HCL had an opportunity and an obligation to

10 assess what a responsive production would require before committing to the deadline the Court

11 ultimately ordered.  HCL's failure to provide a complete and accurate production of responsive

12 data by the court-ordered deadline is not substantially justified.

13                         **3.      RFP 6**

14          The Court is most troubled by HCL's failure to comply fully with the November 25, 2019

15 order with respect to plaintiffs' RFP 6.  As noted above, the Court has already had occasion for

16 concern about HCL's compliance with this portion of the order.  *See* Dkt. No. 64.  The Court's

17 order required HCL to produce by December 9, 2019 "organizational charts that identify the

18 senior manager for the Immigration, TAG, WPC, and HR departments, as well as any other

19 relevant department, those managers' direct reports, and all executives above the senior managers

20 in the reporting chain.  If organizational charts are not available, HCL will otherwise identify these

21 individuals."  Dkt. No. 55 at 3.  In response to the Court's January 9, 2020 order, HCL's counsel

22 provided a declaration representing that "HCL has produced the organization charts it believes

23 cover each of the years for 2014 to the present that it has been able to locate through a diligent,

24 iterative process conducted over many months," and asserting that "HCL is now in compliance

25 with the Court's November 25, 2019 order regarding the production of its organizational charts

26 (ECF No. 55 at 3)."  Dkt. No. 66 ¶ 18.  However, it appears that HCL did not comply fully with

27 the part of the order that requires HCL to "otherwise identify" the referenced personnel who are

28 not identified in the responsive organizational charts, and it further appears that HCL has so far

8

declined to do so.  *See* Dkt. No. 95 at 8-10.  It was not reasonable for HCL to assume that it could satisfy its obligation to "otherwise identify" the referenced personnel by providing partial names for such personnel or no information at all.  Plaintiffs' delay in complaining about HCL's failure to comply does not excuse HCL's non-compliance, particularly given the Court's prior order to show cause on this issue.  HCL's failure to comply fully with the November 25, 2019 order with respect to RFP 6 is not substantially justified.

### B.    HCL's Improper Discovery Responses

Plaintiffs seek sanctions under Rule 26(g) for HCL's use of non-specific boilerplate objections that do not comply with Rule 34(b) and that reflect a failure by HCL's counsel to undertake a reasonable inquiry regarding the documents requested.  Specifically, plaintiffs argue that HCL's document request responses suggest that HCL failed to conduct a "reasonable inquiry" and that its objections were made for the improper purpose of causing delay.  HCL argues that its objections were warranted by plaintiffs' overbroad requests, and that HCL's objections were generally tailored and reasonable.  HCL observes that plaintiffs complained about HCL's objections in a prior discovery dispute, which was resolved, and plaintiffs should not be permitted to re-litigate this issue in a sanctions motion.

Rule 34 requires a party responding to a document request to either state that responsive documents will be produced or "state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  If a party objects to a document request, the party "must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  The party must specify the part of the request objected to and produce documents responsive to the unobjectionable portion of the request.  *Id.*

HCL is correct that the Court has previously admonished both parties for their discovery-related conduct.  As HCL observes, many of plaintiffs' document requests are indeed unreasonably broad.  However, HCL's discovery obligations are defined by the Federal Rules of Civil Procedure, and HCL is not relieved of those obligations simply because its adversary serves overbroad discovery requests.  With a handful of exceptions, HCL's responses to plaintiffs' first set of document requests include an extensive list of objections (some which may be characterized

as "boilerplate," but not all) and conclude with the following statement: "Subject to and without waiving these objections and the General Objections stated above, Defendants respond as follows: Defendants invite Plaintiff to meet and confer regarding the scope of this request." *See, e.g.,* Dkt. No. 77-9 at 5 (Response to Request for Production No. 1). Such a response is inconsistent with Rule 34's requirement that a party state with specificity its grounds for objecting to a request and identify any documents withheld based on such objection. As the Court observed during the discovery hearing on November 19, 2019, "It is troubling to the Court that the objections that HCL has made do not distinguish between those aspects of a particular request that are not objectionable and those aspects that are. . . . It's not reasonable to simply object to a request in its entirety and invite a conference of counsel. That's just not the way Rule 26 works, [or] Rule 34 works specifically." Dkt. No. 51.

Having already admonished HCL on these matters at the November 19, 2019 discovery hearing, the Court finds it unnecessary to do so again or to order additional sanctions for HCL's failure to comply with Rule 34(b). In its discretion, the Court determines that its prior admonishment suffices to address this matter. *See* Fed. R. Civ. P. 26, advisory committee's note, 1983 amdt., subdivision (g) (the nature of sanctions is a matter of judicial discretion to be exercised in light of the particular circumstances).

### C.    HCL Has Not Cooperated in the Prompt Resolution of Discovery Disputes

Plaintiffs seek sanctions under Rule 37(b) for HCL's failure to comply with the Court's Standing Order for Civil Cases.[2] That order requires, in relevant part:

> The parties involved in a discovery dispute shall attempt in good faith to resolve the dispute by agreement.

> If such efforts fail, the party seeking relief may demand a conference of lead counsel to discuss resolution of the dispute. The conference shall occur within 5 court days of such demand unless the parties agree otherwise. Lead counsel must actively engage in discussion of

---

[2] Inasmuch as the Standing Order for Civil Cases is not an order providing for or permitting discovery, this Court questions whether its authority to impose sanctions for violation of that Standing Order properly is based on Rule 37. *See, Apple, Inc. v. Samsung Elecs. Co*., No. 5:11-cv-01846-LHK (PSG), 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014) (citing cases). For the reasons discussed below, however, the Court does not find that such sanctions are warranted in any event.

United States District Court
Northern District of California

1    the dispute, although others may participate in the conference to
     assist lead counsel.  The Court encourages counsel to meet in
2    person, but the conference may be conducted by telephone or video
     conference.

3    Standing Order ¶ 4 (Discovery dispute resolution, paras. a, b).  The Standing Order also provides:

4        Unless the Court specifically directs otherwise, parties in civil cases
         shall comply with the Federal Rules of Civil Procedure, the Civil
5        Local Rules and applicable General Orders of the Northern District
         of California (available at cand.uscourts.gov/generalorders), and this
6        standing order.  Failure to comply with these rules and orders may
         result in monetary sanctions, dismissal, entry of adverse judgment,
7        or other appropriate sanctions.

8    *Id.* ¶ 1.

9        HCL acknowledges that its response to plaintiffs' communications were delayed several

10   days or even weeks on the occasions cited in plaintiffs' first motion for sanctions, but it argues

11   that plaintiffs' selection of these examples are not representative generally of HCL's conduct, and

12   that plaintiffs have also been unresponsive to HCL's communications on occasion.

13       The Court does not wish to be inundated with unnecessary discovery disputes that should

14   be resolved by the parties themselves.  The expedited discovery dispute resolution procedure set

15   out in the Court's Standing Order requires the parties to work together in good faith to identify

16   matters that are truly in dispute.  This requires both cooperation and professional courtesy.  As

17   pertinent to the complaints plaintiffs raise here, counsel should respond promptly to each other's

18   discovery-related communications.  Some communications, such as those asking for the status of

19   production or clarification of a party's position, should be answered within at most a day or two.

20   Other communications may require a more extensive response that requires more time to prepare.

21   Whatever the case, the Court expects that counsel will respond to each other promptly—either to

22   provide a substantive response to a communication, or if counsel require more time, to

23   acknowledge the communication and state when a substantive response will be provided.  The

24   Court expects a party that makes a commitment about when it will respond to keep that

25   commitment.

26       The conference of lead counsel serves at least two purposes.  First, the conference is the

27   final opportunity for the parties to have a serious discussion about their dispute and to either

28   resolve it or focus the issues for resolution by the Court.  Second, the conference requires lead

United States District Court
Northern District of California

United States District Court
Northern District of California

1  counsel, who bear primary responsibility for litigating the case, to participate in the discussion and

2  effectively sign off on any decision to seek assistance from the Court, thereby avoiding the

3  unnecessary submission of disputes to the Court.  The timeline that follows the conference of lead

4  counsel is intended to prevent one party from unreasonably holding up submission of a genuine

5  dispute to the Court.

6       The Court has reviewed the correspondence each party attaches to the declarations of its

7  respective counsel.  That correspondence leaves the Court with the impression that, at least on the

8  occasions reflected in the correspondence, HCL's counsel were not reasonably responsive to

9  plaintiffs' counsel's requests for information and appear to have invoked the Court's Standing

10  Order requirements to delay submission of disputes to the Court, rather than as part of a genuine

11  effort to resolve such disputes by agreement.  The Court appreciates that discovery in this case has

12  been very active and that, given the nature of action, the burden of document discovery falls most

13  heavily on HCL.  However, it is not acceptable for HCL to not respond to discovery-related

14  communications for weeks and then complain that a demand for a conference of lead counsel is

15  premature.

16       With the exception of the timeline for conducting a conference of lead counsel and

17  submission of discovery disputes to the Court, the Court's Standing Order does not precisely

18  regulate counsel's discovery-related interactions.  For this reason, the Court concludes that HCL

19  has not violated a requirement of the Standing Order sufficient to support imposition of sanctions

20  under Rule 37, with respect to the specific conduct that plaintiffs describe in their first motion for

21  sanctions.  Nevertheless, the Court has outlined above its expectations for the parties' compliance

22  with the existing provisions of the Standing Order and hereby specifically admonishes HCL and

23  its counsel that they must comply in good faith with both the letter and spirit of the Court's order

24  going forward.

25      **D.**    **Sanctions**

26       The Court has concluded that HCL did not comply with the Court's November 25, 2019

27  discovery order in two respects, without substantial justification:  (1) HCL did not provide a

28  complete and accurate production of responsive data by the court-ordered deadline with respect to

United States District Court
Northern District of California

1    RFPs 1-3; and (2) HCL did not "otherwise identify" by the court-ordered deadline the referenced

2    personnel who are not identified in responsive organizational charts with respect to RFP 6.  For

3    these violations, plaintiffs ask the Court to:

4          (1) order the immediate production of any document productions that are currently

5             overdue;

6          (2) order full compliance with the November 25, 2019 order with respect to RFP 6;

7          (3) preclude HCL from relying on its March 20, 2020 production of data for any purpose;

8          (4) extend plaintiffs' case management deadlines by six months; and

9          (5) award plaintiffs' their attorneys' fees and costs.

10    Dkt. No. 77 at 13-14; Dkt. No. 91 at 7-10.

11       Plaintiffs correctly observe that the Court need not find that the violations prejudiced

12    plaintiffs or that HCL acted in bad faith in order to impose sanctions, although plaintiffs assert that

13    they have indeed been prejudiced.  However, any sanction imposed must be "just," and in the case

14    of monetary sanctions, but must reflect the reasonable fees and expenses caused by the violations.

15    *See Brown v. Stroud*, No. C-08-02348 JSW DMR, 2012 WL 2709058, at *4 (N.D. Cal. July 6,

16    2012).

17       The Court's consideration of appropriate sanctions is informed by developments that post-

18    date plaintiffs' motions for sanctions.  On May 27, 2020, the presiding judge granted the parties'

19    stipulated request for an extension of the case deadlines.  Dkt. No. 115.  This extension mitigates

20    the prejudice to plaintiffs of HCL's late production of data responsive to RFPs 1-3 and obviates

21    the need for a further extension of the case deadlines on this basis.  Likewise, there is little

22    justification for precluding HCL from relying on this late production of data as plaintiffs now have

23    an opportunity to use and evaluate it in advance of the relevant case deadlines.

24       The Court finds that in the circumstances presented, the appropriate remedies for HCL

25    discovery violations are as follows:

26       HCL shall identify in writing, by name and position, (a) all senior managers for the

27    Immigration, TAG, WPC, and HR departments during the discovery period, (b) those senior

28    managers' direct reports, and (c) all executives above the senior managers in the reporting chain,

United States District Court
Northern District of California

1   to the extent those personnel cannot be reasonably identified from an organizational chart HCL

2   has already produced.  This information must be provided by **September 4, 2020**, unless the

3   parties mutually agree to a different date.

4       In addition, the Court finds that monetary sanctions are appropriate to compensate

5   plaintiffs for the attorneys' fees and costs they incurred to prepare the portions of their sanctions

6   motions that concern HCL's failure to comply fully with the Court's November 25, 2019 order

7   with respect to RFPs 1-3 and RFP 6.  As permitted by Rule 37(b)(2)(C) the Court awards

8   monetary sanctions jointly against HCL and its counsel.  Plaintiffs ask for a total of $67,359 in

9   fees across both motions.  *See* Dkt. Nos. 77-1, 81-1, 91-1, 99-1.  HCL does not object to the

10  hourly rates or the amount of time spent by plaintiffs' counsel, but it does object that plaintiffs'

11  lead counsel spent time doing work that should have been delegated to an associate with a lower

12  billing rate.  HCL also complains that counsel engaged in block billing.  Dkt. No. 78 at 19-20;

13  Dkt. No. 95 at 20.

14      HCL's objections are not well-taken.  Block billing is discouraged where discrete and

15  unrelated tasks are grouped together, because that practice can make it difficult to assess the

16  reasonableness of the time spent on each task.  Plaintiffs' counsel have not presented block billing

17  entries; rather, they describe related tasks concerning the preparation of the present motions.  Dkt.

18  Nos. 77-1, 91-1.  Additionally, the Court accepts plaintiffs' counsel's explanation that their firm is

19  small, and partners perform work that they believe can be accomplished more efficiently than if

20  the work is delegated to an associate.  Dkt. No. 81 at 15; Dkt. No. 99 at 14.

21      Nevertheless, as discussed above, the Court concludes that sanctions are warranted for only

22  some of the issues raised in the present motions.  Although plaintiffs have submitted declarations

23  of its counsel concerning attorneys' fees and costs incurred (Dkt. Nos. 77-1, 81-1,  91-1, 99-1),

24  these declarations do not separately account for fees and costs incurred with respect to the

25  particular matters as to which the Court finds violations, distinct from those matters as to which

26  the Court finds no sanctions are warranted.  On the record presented, the Court estimates that

27  plaintiffs are entitled to reimbursement of no more than $20,000.  The parties are invited to

28  stipulate to an amount of fees accordingly, and to advise the Court if they do so.

1    Absent stipulation, the parties are directed to brief the matter as follows:  No later than

2    **September 4, 2020**, plaintiffs shall submit an application for the fees and costs incurred with

3    respect to matters the Court finds compensable, as indicated above.  The application must include

4    information sufficient for the Court to determine that the fees and costs claimed are reasonable.

5    *See Vieste, LLC v. Hill Redwood Development*, No. C-09-04024 JSW (DMR), 2011 WL 588145 at

6    *4 (N.D. Cal. Feb. 10, 2011) (describing requirements for assessing reasonable attorneys' fees and

7    costs).  HCL's response shall be filed no later than **September 11, 2020**.  Unless otherwise

8    ordered, the matter will then be deemed submitted on the papers.

9    This order discharges the Court's earlier show cause order regarding RFP 6.  *See* Dkt. No.

10    64.

11    **IT IS SO ORDERED.**

12    Dated: August 21, 2020

14
15    VIRGINIA K. DEMARCHI
      United States Magistrate Judge