Daniel Low (Bar #218387)
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Fax: (202) 280-1128

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER and CERAFIN CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>HCL TECHNOLOGIES LTD. and HCL AMERICA, INC.,<br><br>Defendants. | Case No. 5:19-cv-1242<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQEST FOR LEAVE TO FILE MOTION FOR PROTECTIVE ORDER**<br><br>CLASS ACTION |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR PROTECTIVE ORDER**

Instead of following the joint letter brief requirement and meet and confer requirements for discovery disputes required by the Court's Standing Order, Defendants HCL Technologies Ltd. and HCL America, Inc. ("HCL") filed an administrative motion under Local Rule 7-11, seeking leave to file a formal noticed motion for protective order (and attaching that motion) without substantively conferring with Plaintiffs' counsel. HCL's request for leave should be denied because HCL failed to follow the discovery dispute resolution procedure of the Standing Order and failed to comply with the meet and confer requirements of Local Rule 37-1.

### I. BACKGROUND

On August 19, 2020, Plaintiffs served HCL with a copy of a document subpoena that they intended to serve on VDart, Inc.'s counsel, Russell Ethridge. Grunert Decl. ¶ 2. Plaintiffs served the subpoena on Mr. Ethridge later that evening, with an August 31 compliance date. *Id.* On August 26, during a meet and confer call on a separate issue, Plaintiffs asked HCL if it intended to file a motion to quash the subpoena or for a protective order. *Id.* ¶ 3. HCL informed Plaintiffs that HCL was considering the issue, but had not yet decided. *Id.*

On Friday, August 28, HCL informed Plaintiffs via email that HCL intended to file a motion for protective order and/or to quash the subpoena. Email from B. Berry to L. Grunert, *et al.* (Aug. 28, 2020) (Ex. 1). HCL requested a lead counsel call the same day, stating that it intended to seek relief the following Monday unless Plaintiffs agreed to extend the deadline for a motion to quash. *Id.* HCL stated that HCL intended to file a joint letter instead of a noticed motion only if Plaintiffs agreed to extend the deadline. *Id.*

In an email response, Plaintiffs pointed out that HCL had not yet requested a meet and confer related to the subpoena, and that a lead counsel call was therefore premature. Email from L. Grunert to B. Berry, *et al.* (Aug. 28, 2020) (Ex. 1). Nonetheless, Plaintiffs stated that they would participate in a lead counsel call "if you're demanding one without a meet and confer call first." *Id.* Plaintiffs also expressed surprise that HCL had "waited until the last minute to raise this issue," and that Plaintiffs were "not willing to agree to any preservation of rights related to any delay by HCL in

seeking relief." *Id.*

The parties held a meeting of lead counsel later that day. Grunert Decl. ¶ 4.[1] During the call, HCL did not disclose the substantive basis of its motion. *Id.* ¶ 5. Instead, HCL asked again about Plaintiffs' willingness to extend HCL's deadline to move for a protective order, and again stated that it did not intend to file a joint letter brief if Plaintiffs would not extend HCL's deadline. *Id.* While Plaintiffs were unwilling to extend HCL's deadline, Plaintiffs expressed that they were prepared to participate in the joint letter briefing process if HCL chose to move forward with a joint letter brief. *Id.*

In a subsequent e-mail, Plaintiffs stated their position that the issue "should be the subject of a joint letter brief." Email from D. Low to S. Zenewicz, *et al.* (Aug. 30, 2020 (Ex. 1).

On August 31, HCL filed a request for leave under Local Rule 7-11 to file a motion for a protective order. (ECF 145).

The parties have filed nine joint letter briefs in this matter, and are very familiar with the Standing Order's requirements related to those filings. *See* ECFs 46, 48, 62, 69, 70, 86, 87, 88, 128. The parties have also briefed the requirements of the Standing Order in the context of Plaintiffs' sanctions' motions, in which Plaintiffs pointed out HCL's repeated failures to meet and confer in good faith as required by the Standing Order. *See* Pls.' 1st Mot. for Sanctions at 4-5, 7-8 (ECF 77). In its August 21 ruling on the motions, the Court found that HCL's conduct was "not acceptable" and "admonishe[d] HCL and its counsel that they must comply in good faith with both the letter and spirit of the Court's [Standing] order going forward." Order at 12 (ECF 142).

## II.   LEGAL STANDARD

The Court's Standing Order provides that, "[a]bsent leave of Court, parties should not file formal noticed motions under Civil L.R. 7-2 addressed to discovery-related disputes, but instead should follow the procedures described below." Standing Order for Civil Cases, M.J. DeMarchi at 2. The discovery dispute resolution procedures "govern the resolution of discovery disputes,

---

[1] Unlike HCL, Plaintiffs have never unnecessarily delayed the meet and confer process. Rather, Plaintiffs acceded to HCL's demand for a same-day lead counsel call. Ex. 1.

2

*including disputes about proposed protective orders*." *Id.* (emphasis added). The procedures also apply to third-party discovery. *Id.* at 4 ("These procedures for the resolution of discovery disputes shall also apply to non-parties involved in discovery[.]").

When the parties have a discovery dispute, the Standing Order requires that they first "shall attempt in good faith to resolve the dispute by agreement." *Id.* at 2. "If such efforts fail, the party seeking relief may demand a conference of lead counsel to discuss resolution of the dispute." *Id.* The requirements are in place, in part, because "[t]he Court does not wish to be inundated with unnecessary discovery disputes that should be resolved by the parties themselves." Order at 11 (ECF 142).

Courts similarly deny requests for leave to file discovery motions when the moving party fails to comply with the Court's standing order. *See, e.g.*, *Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 U.S. Dist. LEXIS 179335, at *19-25 (N.D. Cal. Dec. 27, 2016) (recounting repeated denials of plaintiff's administrative motions for leave to compel discovery when plaintiff had not complied with the Court's Standing Order regarding resolution of discovery disputes); *Martinez v. Trott*, No. 16-506 PSG (SPx), 2016 U.S. Dist. LEXIS 189522, at *1 (C.D. Cal. July 20, 2016) (discussing prior denial of motion for leave to amend the pleadings where "the parties failed to comply with the meet-and-confer requirement in Central District of California Local Rule 7-3 and this Court's Standing Order."); *see also Wright v. Old Gringo, Inc.*, No. 17cv1996-BAS (MSB), 2020 U.S. Dist. LEXIS 55037, at *8-9 (S.D. Cal. Mar. 30, 2020) (denying motion to quash in part because it was "improperly filed" as a motion instead of a joint motion and without "adequate efforts to meet and confer" as required under the standing orders for discovery motions).

Local Rule 37-1 provides that: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." L.R. 37-1(a).

### III.  ARGUMENT

Plaintiffs oppose HCL's motion for leave to file its motion for a protective order as a formal noticed motion because HCL should instead be required to follow the discovery dispute resolution

procedures set forth in the Court's Standing Order and should be required to comply with the meet and confer requirements of Local Rule 37-1.  HCL seeks to circumvent those procedures because HCL failed to timely inform Plaintiffs of the dispute, and HCL has failed to engage in any substantive meet and confer with Plaintiffs on this issue.

HCL's proposed motion for a protective order is a discovery motion subject to the Court's discovery dispute resolution procedures.  Standing Order at 2 (stating that those procedures apply to "proposed protective orders"); *Wright*, 2020 U.S. Dist. LEXIS 55037, at *7 ("Motions to quash subpoenas and motions for protective orders, pursuant to Rules 26 and 45 are typically treated as discovery motions.").

The Court "admonishe[d]" HCL on August 21, 2020 that HCL and its counsel "must comply in good faith with both the letter and spirit of the Court's [Standing] order going forward."  Order at 12 (ECF 142).  If the Court grants HCL's motion for leave, it would be allowing HCL to circumvent at least three requirements of the standing order.  First, HCL failed to "attempt in good faith to resolve the dispute by agreement" prior to demanding a conference of lead counsel, as required by the Standing Order (¶¶ a-b at p. 2).  *See* Email from L. Grunert to B. Berry, *et al.* (Aug. 28, 2020) (Ex. 1).  Rather, HCL jumped straight to demanding a lead counsel conference in its first communication with Plaintiffs about the potential dispute.  Email from B. Berry to L. Grunert, *et al.* (Aug. 28, 2020) (Ex. 1).

Second, during the conference of lead counsel, HCL made no effort to "discuss resolution of the dispute" as required by the Standing Order (¶ b at p. 2).  Instead, HCL asked only if Plaintiffs would agree to extend HCL's deadline to move to quash.  Grunert Decl. ¶ 5.  HCL then stated that, because Plaintiffs declined to extend HCL's deadline, HCL did not intend to file a joint letter brief.  *Id*.

Third, HCL seeks to avoid the timing requirements of the discovery dispute resolution procedures because HCL belatedly decided to seek a protective order.  While HCL received a copy of Plaintiffs' subpoena on August 19, and was aware of HCL's August 31 deadline to file a motion for protective order, HCL waited until Friday, August 28 – one business day before HCL's deadline

4

to file – before informing Plaintiffs that HCL intended to challenge the subpoena. *Id.* ¶ 2; Email from B. Berry to L. Grunert, *et al.* (Aug. 28, 2020) (Ex. 1). Plaintiffs had asked HCL on August 26 whether HCL intended file a motion to quash, and as of August 26, HCL remained undecided. Grunert Decl. ¶ 3. On August 30, Plaintiffs reminded HCL that the motion for protective order "should be the subject of a joint letter brief." Email from D. Low to S. Zenewicz, *et al.* (Aug. 30, 2020 (Ex. 1). HCL admits that it would have complied with the discovery dispute resolution procedures if HCL could still meet its filing deadline while still following those procedures. Defs.' Req. for Leave at 1 (ECF 145).

The Standing Order encourages parties to raise discovery disputes early instead of waiting until the last minute. "The Court does not wish to be inundated with unnecessary discovery disputes that should be resolved by the parties themselves." Order at 11 (ECF 142). HCL could have followed the Standing Order's requirements and still met its deadline had it timely raised the dispute with Plaintiffs. Instead, HCL belatedly raised the issue with Plaintiffs only one business day before HCL's filing deadline. Such dilatory behavior does not justify HCL's failure to comply with the Standing Order. HCL's motion should be denied. *Loop Al Labs Inc.*, 2016 U.S. Dist. LEXIS 179335, at *19- 25 (recounting denials of plaintiff's administrative motions for leave to compel discovery when plaintiff had not complied with the Court's Standing Order regarding resolution of discovery disputes); *Martinez*, 2016 U.S. Dist. LEXIS 189522, at *1 (discussing prior denial of motion for leave to amend where party failed to comply with meet and confer requirements of Local Rule and Standing Order).

Moreover, HCL failed to comply with Local Rule 37-1 because it did not confer with Plaintiffs "for the purpose of attempting to resolve all disputed issues." L.R. 37-1(a). Rather, the parties conferred only about HCL's request that Plaintiffs extend HCL's filing deadline. Grunert Decl. ¶ 5. When a party fails to comply with this requirement of Local Rule 37-1, "[t]he Court will not entertain a . . . motion to resolve a . . . discovery dispute." L.R. 37-1(a).

### IV.   CONCLUSION

Because HCL failed to comply with the Standing Order and Local Rule 37-1(a), HCL's Request for Leave to File a Motion for a Protective Order should be denied.

| | |
|---|---|
| DATED: August 31, 2020 | Respectfully submitted,<br><br>By: /s/Daniel Low<br>Daniel Low, SBN 218387<br>Daniel Kotchen (*pro hac vice*)<br>Lindsey Grunert (*pro hac vice*)<br>**KOTCHEN & LOW LLP**<br>Washington, DC 20009<br>Telephone: (202) 471-1995<br>Email: dlow@kotchen.com;<br>dkotchen@kotchen.com;<br>lgrunert@kotchen.com<br><br>*Attorneys for Plaintiffs and Putative Class* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

| | |
|---|---|
| DATED: August 31, 2020 | By: /s/Daniel Low<br>Daniel Low |