UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE PLAINTIFFS' THIRD MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 130<br><br><u>PUBLIC REDACTED VERSION</u> |

Plaintiffs move for sanctions against defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") and their counsel for alleged misconduct relating to plaintiffs' third party subpoena to VDart, Inc. ("VDart"). Dkt. No. 130. The Court held a hearing on the motion on September 8, 2020. Dkt. No. 157.

For the reasons explained below, the Court concludes that HCL and its counsel improperly interfered with plaintiffs' efforts to obtain discovery of VDart. However, the Court denies plaintiffs' request for sanctions beyond the relief the Court has already ordered.[1]

**I.   BACKGROUND**

Plaintiffs Gregory Handloser and Cerafin Castillo are unsuccessful applicants for employment with HCL in the United States. Dkt. No. 40 ¶¶ 22-41. In this action, plaintiffs allege

---

[1] As discussed in the Court's separate, concurrently filed order on HCL's motion for protective order, this Court concludes that certain communications are not privileged or otherwise protected from discovery. Inasmuch as this order discloses the content of some of those communications, this order will be provisionally filed under seal through October 31, 2020. At the expiration of that period, and absent justification to extend the seal, this order will automatically be unsealed and entered on the public docket in unredacted form without further order of the Court. In the meantime, an unredacted copy of this order is being provided only to defense counsel.

that HCL engages in a pattern or practice of racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq*. Dkt. No. 40. Specifically, plaintiffs allege that at least 70% of HCL's U.S.-based workforce is South Asian, even though only about 12% of the relevant labor pool is South Asian. *Id.* ¶ 21. Plaintiffs contend that HCL uses various techniques to achieve a workforce with these disproportionate demographics and that these techniques amount to a pattern and practice of intentional employment discrimination based on race. *Id.* ¶¶ 14-20, 53, 58. Plaintiffs seek to represent a class of "[a]ll individuals who are not of South Asian race, or Indian national origin, or visa holders who applied for positions with (or within) HCL in the U.S. and were not hired." *Id.* ¶ 42. HCL denies the allegations of discrimination, objects to treatment of the matter as a class action, and raises a number of affirmative defenses. Dkt. No. 45.

VDart is one of several companies that HCL uses to recruit applicants for its U.S. workforce. Dkt. No. 128 at 6. HCL and VDart have a contractual relationship but are not otherwise affiliated. Plaintiffs prepared a subpoena for documents regarding VDart's recruiting work for HCL and provided a copy of the subpoena to HCL on September 17, 2019. Dkt. No. 130 at 1. On September 25, 2019, plaintiffs served the subpoena on non-party VDart with a return date of October 17, 2019. *Id.* The subpoena apparently required compliance by VDart in the Northern District of Georgia, where VDart has its place of business. *See* Dkt. No. 130-2 at ECF p. 3; Dkt. No. 131; Dkt. No. 137 at 2.

VDart served written objections to the subpoena on November 7, 2019. Dkt. No. 136-1. VDart agreed to produce its contracts with HCL but refused to produce other responsive documents based on its objection that the subpoena imposed an undue burden on VDart to search for and review responsive documents. *Id.* HCL did not move to quash or modify the VDart subpoena, did not seek a protective order, and did not otherwise convey to plaintiffs any objections to the subpoena before the return date for VDart's production. Dkt. No. 130 at 1.

In an effort to resolve VDart's objections to the subpoena, plaintiffs proposed that VDart produce responsive documents on the following terms: VDart would collect all emails it exchanged with HCL and could then apply a set of search terms provided by plaintiffs. VDart would screen the documents for privilege based on another set of search terms, and plaintiffs and

2

1  VDart would stipulate to entry of an order providing that disclosure of any privileged materials
2  would not operate as a waiver, pursuant to Federal Rule of Evidence 502(d).  VDart's documents
3  would not be used for any purpose other than this litigation, and VDart's production would be
4  designated "Highly Confidential" under the protective order in this action.  *Id*. at 2.  On May 6,
5  2020, VDart agreed to plaintiffs' proposal.  Dkt. No. 130-5 at ECF p. 2.

6  On May 8, 2020, plaintiffs informed HCL of their agreement with VDart and asked
7  whether HCL would consent to entry of a Rule 502(d) order.  Dkt. No. 135 at 6; Dkt. No. 134-1 at
8  3.  HCL did not respond for nearly two weeks.  Then, on May 21, 2020, HCL advised plaintiffs
9  that it would not consent to the proposed order, and further stated:  "vDart cannot produce
10 documents that are not relevant to the *Handloser* action, and any production would need to protect
11 the status of HCL's confidential information in vDart's possession."  Dkt. No. 134-1 at 1.

12 On May 21, 2020, plaintiffs filed a motion requesting entry of an order under Rule 502(d)
13 providing that inadvertent disclosure of documents by VDart shall not constitute a waiver by
14 VDart of any privilege or protection applicable to those documents.  Dkt. No. 109.  Plaintiffs
15 advised the Court that VDart stipulated to this request, but that HCL did not.  *Id.*

16 Plaintiffs say that when HCL learned of VDart's agreement with plaintiffs, "HCL
17 pressured VDart to renege on its agreement with Plaintiffs, raising arguments about potentially
18 confidential HCL documents, and instructing VDart that it would be in breach of its
19 confidentiality agreement with HCL if it produced the documents."  Dkt. No. 130 at 2.  On May
20 29, 2020, VDart provided its collection of responsive documents to *HCL*, but did not provide the
21 documents to plaintiffs.  *Id.*  HCL does not dispute that it received VDart's documents on May 29,
22 2020 but insists that it "did not threaten VDart" and "did not tell VDart not to comply with the
23 subpoena."  Dkt. No. 128 at 7; Dkt. No. 135 at 12.  Rather, HCL says that it "advised VDart of
24 HCL's confidentiality concerns and VDart's contractual obligations" and that "VDart, on its own,
25 provided a link to the ESI to HCL."  Dkt. No. 135 at 6, 12.

26 Once in possession of VDart's documents, HCL filed a statement of non-opposition to
27 plaintiffs' motion for entry of a Rule 502(d) order, taking the position that VDart had provided its
28 documents to HCL "for review," and stating that "HCL will now work with Plaintiffs to discuss a

United States District Court
Northern District of California

3

reasonable scope of production, cost sharing, and how HCL should prioritize the review of the VDart documents in light of HCL's ongoing review and production of HCL's documents." Dkt. No. 118 at 2, 3. The Court granted plaintiffs' motion for entry of a Rule 502(d) order on June 5, 2020. Dkt. No. 121.

Plaintiffs did not move to compel production of responsive documents from VDart. Instead, on June 8, 2020, plaintiffs served a request for production of documents on HCL seeking "[a]ll documents produced or provided to HCL in response to or in connection with a subpoena in this case," including the VDart documents now in HCL's possession. Dkt. No. 128-1 at 7. HCL objected to the request, and plaintiffs then attempted to negotiate with HCL for production of the VDart documents. Dkt. No. 128 at 8. These discussions reached an impasse on July 20, 2020 when the parties held a final conference of lead counsel. *Id.* Although the parties apparently had agreed to submit the dispute to the Court for resolution, plaintiffs separately emailed VDart's counsel on that same day, attaching the Court's June 5, 2020 order and asking whether VDart would produce the responsive documents as previously agreed. *Id.* at 3, 8. In response, VDart sent plaintiffs a link to download the documents, and copied HCL. *Id.* at 3. HCL's counsel immediately responded with a request that VDart "stop plaintiffs from accessing the information," citing the parties' plan to submit their dispute about the VDart documents to the court. *Id.* at 3, 8. VDart complied and disabled the link. *Id.*

On July 27, 2020, the parties filed a joint discovery dispute letter in which plaintiffs asked the Court to order HCL to produce all of the VDart documents to plaintiffs immediately and HCL objected. Dkt. No. 128. After considering the parties rights and obligations with respect to third-party subpoenas issued under Rule 45, the Court resolved the dispute in plaintiffs' favor and ordered HCL to produce the VDart documents to plaintiffs on terms that substantially tracked the terms on which plaintiffs and VDart had agreed in early May 2020. Dkt. No. 137. In resolving the July 27, 2020 discovery dispute, the Court did not decide whether HCL had, in fact, interfered with plaintiffs' subpoena to VDart, observing that that issue was the subject of plaintiffs' then pending motion for sanctions. Dkt. No. 137 at 9 ("The Court does not decide here whether HCL gave such instruction [for VDart to not comply with the subpoena] or otherwise obstructed

4

plaintiffs' efforts to obtain discovery from VDart. That issue is not fully briefed in the parties' discovery dispute letter, and the Court has not reviewed plaintiffs' third motion for sanctions or HCL's opposition to it.").

While the July 27, 2020 discovery dispute was pending, plaintiffs filed this motion for sanctions based on much the same conduct challenged in the discovery dispute and seeking some of the same relief. Plaintiffs seek sanctions pursuant to the Court's inherent authority and 28 U.S.C. § 1927. Originally, plaintiffs asked the Court to order HCL to produce the VDart documents as a sanction. Dkt. No. 130 at 10. Plaintiffs concede that request is now moot, as the Court has already ordered production of the VDart documents. Dkt. No. 138 at 13 n.5. However, plaintiffs also ask the Court to award the attorneys' fees and costs they incurred in connection with the July 27, 2020 discovery dispute and in bringing the motion for sanctions. Dkt. No. 130 at 11.

After briefing on the sanctions motions was complete, the parties stipulated to an *in camera* submission of HCL's counsel's communications with VDart's counsel concerning plaintiffs' subpoena to VDart, on the condition that such submission would not constitute a waiver of certain privileges and protections HCL believes apply to those communications. The Court accepted the stipulation, and HCL lodged its communications with VDart with the Court. Dkt. No. 153.[2]

## II.   LEGAL STANDARD

A court possesses inherent authority to award monetary and other sanctions where a party acts in bad faith, and where this authority has not been displaced by statute or by a rule-based sanctioning scheme. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-48 (1991); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (court has inherent authority to award attorneys' fees incurred by moving party because of the misconduct at issue). Bad faith includes a broad range of willful improper conduct, including reckless conduct combined with an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001). The Court's inherent authority must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44.

---

[2] This Court has also considered all supplemental briefing filed by the parties in connection with the present motion for sanctions. *See* Dkt. Nos. 143, 149, 154, 156.

1  Under 28 U.S.C. § 1927, a court may require an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A finding of unreasonable and vexatious conduct may be premised on a showing of recklessness or bad faith, but bad faith is not required. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citing *Fink*, 239 F.3d at 993). The statute does not authorize sanctions against a party.

## III. DISCUSSION

The Court first considers whether HCL improperly interfered with plaintiffs' subpoena to VDart, and if so, whether sanctions are warranted.

### A. Whether HCL Interfered with Plaintiffs' Subpoena to VDart

Both parties focus on HCL's counsel's July 20, 2020 email to VDart's counsel asking VDart to prevent plaintiffs from accessing VDart's document production. Plaintiffs argue that this is exactly what the Court said in its August 13, 2020 discovery order HCL was not entitled to do. *See* Dkt. No. 138 at 2. The Court's complete remarks, to which plaintiffs refer, are as follows:

> Having failed to take any steps to protect its interests under the federal rules, HCL was not entitled to instruct VDart to not comply with the subpoena after VDart and plaintiffs reached an agreement regarding VDart's compliance. The Court does not decide here whether HCL gave such instruction or otherwise obstructed plaintiffs' efforts to obtain discovery from VDart. That issue is not fully briefed in the parties' discovery dispute letter, and the Court has not reviewed plaintiffs' third motion for sanctions or HCL's opposition to it.

Dkt. No. 137 at 9. Having considered the parties' briefing and argument, the Court agrees with HCL that the July 20, 2020 email does not evidence HCL's bad faith or an effort to unreasonably or vexatiously multiply proceedings because by this time plaintiffs had served a request for the VDart documents on HCL and the parties apparently had agreed to submit their dispute regarding that request to the Court. While HCL might be faulted for doubling down on its misguided view that it was entitled to retain and control the production of these documents, the chief purpose of its July 20, 2020 communication to VDart was to allow for the Court's resolution of the dispute.

The Court takes a different view of HCL's earlier communications with VDart. The Court has reviewed all of the written communications between HCL's counsel and VDart's counsel

United States District Court
Northern District of California

6

1  submitted *in camera*, particularly those dating between May 8, 2020 when HCL learned of

2  VDart's production agreement with plaintiffs and May 29, 2020 when VDart sent its document

3  production to HCL instead of to plaintiffs.[3]  The Court has also reviewed the evidence both parties

4  filed regarding their respective communications with VDart.  From these submissions the Court

5  concludes that HCL has mischaracterized its communications with VDart.

      The evidence is as follows:

[REDACTED]

*see also* Dkt. No. 119 ¶ 6.

[REDACTED]

*see also* Dkt. No. 138-3.

[REDACTED]

---

[3] By separate order, the Court concludes that these communications between HCL and VDart are not privileged or otherwise protected from disclosure by application of the common interest doctrine.

7

[REDACTED]

In these circumstances, the Court finds that HCL's counsel did not merely remind VDart of its contractual confidentiality obligations. Also, it cannot fairly be said that VDart provided its proposed production to HCL "on its own," without pressure from HCL. Rather, at the very least,

[REDACTED]

As the Court previously observed, if HCL believed its interests were affected by plaintiffs' subpoena to VDart, HCL had two options: it could move to quash or modify the subpoena in Northern District of Georgia where VDart's compliance was required, or it could move for a protective order. *See* Dkt. No. 137 at 6; Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(c); *Brown v. Deputy No. 1*, No. 12-CV-1938-GPC BGS, 2014 WL 842946 at *3 (S.D. Cal. Mar. 4, 2014) ("A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order."). HCL did neither. Instead, it waited until VDart had reached an agreement with plaintiffs to produce documents responsive to the subpoena before attempting to protect its interests, and then it used extra-judicial means to persuade VDart to withhold production of its documents. This conduct constitutes improper interference with plaintiffs' subpoena.

### B.   Whether HCL's and Its Counsel's Conduct Warrants Sanctions

The Court's finding that HCL and its counsel interfered with plaintiffs' subpoena to VDart does not compel an award of sanctions under 28 U.S.C. § 1927 or the Court's inherent authority. The Court must consider whether the conduct unreasonably and vexatiously multiplied proceedings in the case and whether counsel acted in bad faith, and if so, whether sanctions are warranted in the exercise of the Court's discretion.

HCL and its counsel's misconduct is not as egregious as that described in some of the cases on which plaintiffs rely. For example, HCL's counsel did not expressly advise VDart not to

8

1   comply with plaintiffs' subpoena, as in *Price*, or assert that the subpoena was unenforceable, as in
2   *Gurovich*. *See Price v. Trans Union, LLC.,* 847 F. Supp. 2d 788, 795 (E.D. Pa. 2012); *Fox*
3   *Industries, Inc. v. Gurovich*, 2006 WL 2882580 at *8-9 (E.D.N.Y Oct. 6, 2006). However, the
4   misconduct here also is not as innocent as in *Lofton*, where the evidence showed only that a party
5   had informed one of the non-parties who received a subpoena that the party objected to the
6   discovery sought but had taken no action whatsoever to induce the non-parties to resist the
7   subpoenas. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 290 (N.D. Cal. 2015). In
8   the Court's judgment, HCL's counsel's actions were not the result of mistake or inadvertence; the
9   conduct was intentional and had an improper purpose—persuading a non-party to not comply with
10  a subpoena. In addition, once alerted to the issue by plaintiffs, HCL's counsel did not yield but
11  unreasonably insisted on maintaining control of the VDart documents. Further proceedings before
12  the court were required to resolve the matter. For these reasons, HCL's and its counsel's conduct
13  is sanctionable under the Court's inherent authority and 28 U.S.C. § 1927.
14      The Court now considers whether to award sanctions in these circumstances. As plaintiffs
15  acknowledge, the Court has already ordered HCL to produce the documents it received from
16  VDart in a manner that substantially corresponds to the production to which VDart and plaintiffs
17  previously agreed. *See* Dkt. No. 137 at 9-10. The Court therefore has already remedied the
18  prejudice to plaintiffs from HCL's interference with VDart's subpoena. However, plaintiffs
19  contend that monetary sanctions also should be awarded to compensate them for fees and costs
20  incurred in obtaining relief through the Court's discovery dispute resolution process and for
21  bringing this sanctions motion. The Court declines to award the requested monetary sanctions.
22      Contrary to plaintiffs' argument, filing a sanctions motion was not plaintiffs' "only
23  recourse" to obtain compliance with the VDart subpoena. *See* Dkt. No. 130 at 1. At the time
24  plaintiffs filed their motion for sanctions, the parties had already submitted a joint discovery
25  dispute letter to the Court addressing production of the VDart documents, and plaintiffs were
26  ultimately successful in obtaining these documents. Alternatively, plaintiffs could have moved to
27  enforce the subpoena in the Northern District of Georgia because VDart still retained access to the
28  documents, all of which were in electronic form. Had plaintiffs done so, the district court in

Georgia may have granted the same relief or it may have concluded that plaintiffs' document requests were too broad and unduly burdensome and declined to enforce the subpoena in whole or in part. In any event, it was not necessary for plaintiffs to file a motion for sanctions to obtain the relief they sought. For these reasons, the Court in its discretion declines to require HCL and its counsel to reimburse plaintiffs for the fees and costs incurred in bringing a motion for sanctions.

Plaintiffs have a stronger justification for seeking compensation for the fees and costs they incurred in connection with the July 27, 2020 discovery dispute. HCL was clearly wrong to interfere with the VDart subpoena, and had HCL not interfered, VDart may well have produced all documents according to the plan plaintiffs proposed. However, the July 27 discovery dispute was presented to the Court as a dispute between the parties concerning a matter of *party discovery* after plaintiffs elected *not* to enforce the VDart subpoena in the Northern District of Georgia. Instead, plaintiffs served a document request for the VDart documents on HCL and moved to compel production with that request. Having acquiesced in treating the dispute this way, plaintiffs somewhat undercut the force of their argument that an award of compensation for fees incurred in briefing that dispute is necessary to restore plaintiffs to the position they would have been in had HCL not interfered with the subpoena. In any event, the Court's discovery order resolved the parties' dispute by enforcing the agreement VDart and plaintiffs had reached. *See* Dkt. No. 137 at 9 ("[T]he Court will not reward HCL's conduct by treating its current objections to plaintiffs' document request as if HCL were writing on a blank slate. The Court resolves this dispute by restoring (approximately) the status quo before HCL obtained the VDart documents."). The Court did not require plaintiffs to further justify under Rule 45(d)(1) either their original document requests to VDart or the agreed resolution of VDart's objections, and plaintiffs avoided the scrutiny of the Northern District of Georgia on those matters.[4] In short, given the favorable relief plaintiffs obtained from the Court's resolution of the July 27, 2020 discovery dispute, the Court

---

[4] Plaintiffs are mistaken in their reading of the Court's August 13, 2020 discovery order. The Court did not bless the merits of plaintiffs' proposed document production plan to VDart. *See* Dkt. No. 138 at 2 (characterizing the Court's order). Rather, the Court observed that plaintiffs' "efforts" to address VDart's objections and concerns are "precisely what Rule 45 requires." *See* Dkt. No. 137 at 8 (citing Fed. R. Civ. P. 45(d)(1)).

10

concludes in its discretion that monetary sanctions compensating plaintiffs for the fees and costs incurred in connection with that dispute are not warranted as a further sanction.

### IV. CONCLUSION

Based on the foregoing, no further sanctions will be imposed in connection with the parties' dispute concerning the VDart documents.

**IT IS SO ORDERED.**

Dated: October 22, 2020

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge