UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE COMMUNICATIONS WITH VDART'S COUNSEL**<br><br>Re: Dkt. No. 148 |

Defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") move for a protective order barring plaintiffs' efforts to obtain discovery from non-party Russell Etheridge, counsel to VDart, Inc. ("VDart"), on the ground that the discovery seeks privileged information and information that is irrelevant to the action. Dkt. No. 148. The Court held a hearing on the motion on October 6, 2020. Dkt. No. 165.

For the reasons explained below, the Court denies HCL's motion for a protective order. However, based on plaintiffs' representations regarding the purpose of the discovery at issue and the Court's contemporaneous order resolving plaintiffs' third motion for sanctions, the Court requests that plaintiffs withdraw their subpoena to Mr. Etheridge or advise why such discovery is still needed.

## I. BACKGROUND

Plaintiffs Gregory Handloser and Cerafin Castillo are unsuccessful applicants for employment with HCL in the United States. Dkt. No. 40 ¶¶ 22-41. In this action, plaintiffs allege that HCL engages in a pattern or practice of racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq*. Dkt. No. 40. Specifically, plaintiffs allege that at least 70% of

HCL's U.S.-based workforce is South Asian, even though only about 12% of the relevant labor pool is South Asian. *Id.* ¶ 21.

VDart is one of several companies that HCL uses to recruit applicants for its U.S. workforce. Dkt. No. 128 at 6. On September 25, 2019, plaintiffs served VDart with a subpoena for documents regarding VDart's recruiting work for HCL. Dkt. No. 155 at 1. HCL did not file a motion to quash the subpoena under Rule 45 of the Federal Rules of Civil Procedure and did not seek a protective order under Rule 26. Instead, plaintiffs contend that HCL interfered with plaintiffs' efforts to obtain discovery from VDart by pressuring VDart to renege on its agreement to produce responsive documents to plaintiffs and to provide its documents instead to HCL.

On July 27, 2020, the parties filed a joint discovery dispute letter in which plaintiffs asked the Court to order HCL to produce the VDart documents now in HCL's possession. Dkt. No. 128. On July 29, 2020, plaintiffs filed a motion seeking sanctions against HCL and its counsel for their conduct in connection with the VDart subpoena. Dkt. No. 130. In opposing plaintiffs' discovery dispute position and motion for sanctions, HCL made several representations about its communications with VDart's counsel, Russell Etheridge. *See* Dkt. No. 155 at 2, 3 (summarizing HCL's representations). In plaintiffs' view, those representations were inconsistent with statements Mr. Etheridge separately provided to plaintiffs. *Id.* at 1. Accordingly, in aid of its motion for sanctions, on August 19, 2020, plaintiffs served a subpoena on Mr. Etheridge asking for the following documents:

> From September 17, 2019 forward, all written communications (e.g., e-mails, letters, facsimiles, text messages and/or correspondences) between you and counsel for HCL regarding the document subpoena served on your client, VDart, Inc. on September 25, 2019, and any notes or documents reflecting any oral communications with HCL's counsel regarding the subpoena.

Dkt. No. 148-1 at ECF p. 5.

On August 31, 2020, HCL filed a motion for a protective order barring this discovery on the grounds that the Etheridge subpoena seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and the common interest privilege. Dkt. No. 148. HCL also contends that plaintiffs should be barred from obtaining this discovery because it

is not relevant. *Id.* Meanwhile, in connection with plaintiffs' pending motion for sanctions, HCL has provided all of its counsel's written communications with Mr. Etheridge to the Court for *in camera* review, including communications within the scope of the Etheridge subpoena.[1] *See* Dkt. No. 153.

## II.   LEGAL STANDARD

### A.   Rule 26(c)

Pursuant to Rule 26 of the Federal Rules of Civil Procedure a court may, for good cause, issue an order protecting a party from "annoyance, embarrassment, oppression, or under burden or expense" by, among other things, forbidding the discovery sought or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1)(A), (D). A party may seek a protective order regarding a subpoena issued to a non-party if it believes its own interests are jeopardized by the subpoena. *See Wells Fargo and Co. v. ABD Ins.,* Case No. C 12-03856 PJH (DMR), 2012 WL 6115612 at *2 (N.D. Cal. Dec. 10, 2012).

### B.   Attorney-Client Privilege and Work Product Doctrine

The attorney-client privilege protects from discovery communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (citing 8 John H. Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted).

The work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Typically, the doctrine provides qualified protection against discovery of the legal strategies and mental

---

[1] Per the parties' stipulation, which the Court accepted, HCL's submission of these communications *in camera* does not constitute a waiver of any privilege or protection. Dkt. No. 153.

impressions of a party's attorney.  *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981); *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947).

The party asserting attorney-client privilege and work product protection bears the burden of proving that the privilege or protection applies.  *See Ruehle*, 583 F.3d at 607-08; *In re Appl. of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012).

### C. Common Interest Doctrine

The voluntary disclosure of privileged or protected documents or information to a third party ordinarily waives that privilege or protection.  *Ruehle*, 583 F.3d at 612; *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).  The "common interest" or "joint defense" doctrine is an exception to ordinary waiver rules that applies when parties represented by separate counsel communicate in confidence about a matter of common legal interest, in furtherance of that common legal interest.  *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).  The doctrine does not create a privilege but comes into play only if a privilege already covers the material disclosed to the third party.  *Id.*; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578-79 (N.D. Cal. 2007) (describing boundaries and application of common interest doctrine).

### III. DISCUSSION

The Court first considers HCL's argument that the Court should not permit plaintiffs' discovery of Mr. Etheridge because counsel's communications are not relevant to the underlying claims or defenses in the action.  Ordinarily, a party has no standing to challenge a subpoena to a non-party on grounds of relevance.  *See* Dkt. No. 137 at 6 (citing cases).  However, the Court agrees with plaintiffs that, even if HCL does have standing, responsive documents reflecting communications between HCL's counsel and VDart's counsel regarding VDart's compliance with plaintiffs' September 25, 2019 subpoena and HCL's alleged interference with that compliance are relevant to plaintiffs' third motion for sanctions.  In fact, HCL has made these communications relevant by characterizing its communications with VDart in opposing the motion for sanctions.

Next, the Court considers whether HCL and VDart have a common legal interest such that communications and other documents reflecting their exchange of attorney-client privilege or

4

work product information should be protected from disclosure in discovery.  There is no dispute that VDart is a vendor to HCL; the parties have a contractual relationship but are otherwise unaffiliated.  HCL describes the asserted common legal interest as an interest in "defending claims or potential claims brought [by] Plaintiffs and Plaintiffs' counsel."  Dkt. No. 148 at 3.  However, HCL conceded during the hearing that it is aware of no claims or threatened claims against VDart and that nothing in the HCL/VDart recruiting contract would expose VDart to liability were HCL found liable for discrimination in this action.  Dkt. No. 165.  Rather, HCL says plaintiffs' counsel "have sued many of the major players" in the "technology services industry," alleging discrimination based on national origin or visa status, and that HCL and VDart agreed they both had an interest in protecting themselves from such lawsuits.  Dkt. No. 148 at 2.

The mere fact that HCL is a defendant in this action and VDart is a vendor serving an industry in which HCL and others have been sued for discrimination does not support the existence of a common legal interest between HCL and VDart.  "[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception" to the ordinary rules of waiver that govern privilege and work product.  *In re Pacific Pictures Corp.*, 679 F.3d at 1129.  HCL's legal interests are certainly at stake in this action, but none of those legal interests are shared by VDart.  While there need not be actual litigation against both HCL and VDart for them to have a common legal interest, *see Nidec Corp.*, 249 F.R.D. at 578, mere speculation that VDart might also be sued some day is not a legal interest that is within reasonable contemplation.  Moreover, the Court has had the opportunity to review the communications at issue *in camera*.  Those communications reflect discussion of HCL's and VDart's respective interests regarding plaintiffs' September 25, 2019 subpoena to VDart.  It is evident from these communications and from the parties' discovery and sanctions briefing that HCL's and VDart's interests in that matter were *adverse,* not common.

In addition, the Court agrees with plaintiffs that HCL has put certain of its communications at issue by relying on a characterization of those communications in opposing plaintiffs' third motion for sanctions.  Specifically, the Court finds that HCL has put at issue its counsel's communications with Mr. Etheridge between May 8, 2020 when HCL learned of VDart's

1  production agreement with plaintiffs and May 29, 2020 when VDart sent its document production
2  to HCL.  Mr. Etheridge also has characterized those same communications in his interactions with
3  plaintiffs' counsel.  For this reason, the Court finds that HCL has waived whatever of its own
4  privilege or work product protection may have attached to these communications by relying on
5  their content in opposing plaintiffs' positions.  *See Apple Inc. v. Samsung Elecs. Co.,* 306 F.R.D.
6  234, 241-42 (N.D. Cal. 2015) (finding waiver of privilege where Samsung relied on positive
7  characterization of privileged communications, rather than mere denial, in support of its defense
8  against charge of improper use and disclosure of confidential information).

9  Accordingly, the Court concludes that the common legal interest doctrine does not protect
10 otherwise privileged or work product communications between HCL's counsel and VDart's
11 counsel from disclosure, and that HCL has affirmatively waived any such privilege or protection
12 by relying on a characterization of those communications during the period from May 8 through
13 May 29, 2020.  For this reason, the Court does not reach the question of whether, but for the
14 disclosure to VDart, any of the underlying communications encompass information that would be
15 privileged or subject to protection under the attorney work product doctrine.

## IV. CONCLUSION

The Court denies HCL's motion for a protective order.

Plaintiffs represented at the hearing on this matter that the sole purpose of their subpoena to Mr. Etheridge was to obtain support for their third motion for sanctions and that plaintiffs would not attempt to enforce the subpoena once the Court resolved the sanctions motions.  As reflected in the Court's separate order filed this day, the Court has relied in part on three documents within the scope of the Etheridge subpoena in resolving the motion for sanctions.  HCL, of course, has these three documents, but plaintiffs do not.

Because the motion for sanctions has been resolved, the Court requests that plaintiffs withdraw the Etheridge subpoena, consistent with their prior representations, or advise the Court of why this discovery is still needed.  The Court requests a status report from plaintiffs stating

6

1   their position by **October 31, 2020**.

2       **IT IS SO ORDERED.**

3   Dated: October 22, 2020

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge
