UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE ADDITIONAL ESI CUSTODIANS**<br><br>Re: Dkt. No. 174 |

Plaintiffs ask the Court to order defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") to conduct searches for responsive electronically stored information ("ESI") in the files of five additional custodians. Dkt. No. 174. The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court denies plaintiffs' request for additional ESI discovery.

**I.   BACKGROUND**

The parties have asked the Court to resolve numerous discovery disputes concerning ESI in this case. In resolving one such dispute in January 2020, the Court ordered as follows:

1. HCL must identify all the U.S. heads of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward by January 9, 2020.
2. Plaintiffs may identify the following custodians whose records will be searched by HCL for responsive ESI:
    a. Any person who was the U.S. head of the Immigration, HR, TAG, WPC, and HR departments from 2014 forward; and

      b. Up to 10 additional individual custodians, identified by name or position, as to whom plaintiffs have a factual basis to believe that the custodian has relevant and responsive information.

Dkt. No. 64. In this order, the Court attempted to balance plaintiffs' need for relevant discovery with the burdensomeness of their demands.

Following the January 2020 order, the parties identified a total of 16 ESI custodians whose files would be searched. Twelve of these custodians apparently met the criteria of paragraph 2(a) of the order—i.e. a U.S. head of the Immigration, HR, TAG, WPC, and HR departments. Plaintiffs then identified four additional custodians according to the criteria of paragraph 2(b). *See* Dkt. No. 122.

Over the next several months, the Court held several discovery conferences regarding the status of HCL's review and production of ESI as well as several hearings on the parties' many discovery disputes. During the course of those proceedings, the Court became concerned that the number of ESI custodians, the volume of collected ESI, and the scope of the then-agreed search terms to be applied had resulted in an ESI collection for review and production that was disproportionate to the needs of the case. At the same time, the Court was also troubled by HCL's inability to reliably calculate what needed to be reviewed and how much time the review required, and by the parties' difficulties in reaching agreement on reasonable search terms for the existing custodians. *See* Dkt. No. 173 (transcript of June 17, 2020 hearing). To address these concerns, on June 17, 2020, the Court issued a further order regarding the review and production of ESI. That order set deadlines for HCL to complete production of ESI for the 16 custodians and established some parameters for how HCL should conduct the remainder of its ESI review. In addition, the order included the following requirement for plaintiffs' future identification of additional ESI custodians: "Plaintiffs must demonstrate good cause for requesting the production of ESI from any other custodian. Good cause requires not only a factual basis for believing that the custodian has relevant information and that discovery of the custodian's ESI is proportional to the needs of the case, but also a showing of why plaintiffs did not identify the custodian earlier." Dkt. No. 124 ¶ 3.

In connection with the current discovery dispute, plaintiffs ask the Court to order HCL to

1  collect, review, and produce ESI from five additional custodians:  Apparao Varre, Kiran Nadgir,
2  Nitish Antony, Sudhanshu Shekhar, and Shreenivas Sambarth Kumar.  Dkt. No. 174 at 2-6.  HCL
3  opposes this additional discovery.  *Id.* at 7-10.

## II.  DISCUSSION

The Court's June 2020 order required plaintiffs to demonstrate that good cause justifies future requests for discovery from additional ESI custodians beyond the 16 custodians whose files have already been searched.  The Court considers each of plaintiffs' arguments in support of its request for discovery of the five additional custodians.

First, plaintiffs essentially argue that they have been prejudiced in their ability to identify custodians.  They observe that defendants failed to timely comply with this Court's November 25, 2019 order which required HCL to identify (by producing organizational charts or otherwise) "the senior manager for the Immigration, TAG, WPC, and HR departments, . . . those managers' direct reports, and all executives above the senior managers in the reporting chain" by December 9, 2019.[1]  Dkt. No. 55 at 3.  HCL did not timely comply with this order or with a subsequent order of this Court.  *See* Dkt. No. 142 at 12-14.  In fact, plaintiffs assert that HCL did not complete its identification of the required personnel until September 8, 2020.  *See* Dkt. No. 174 at 3.  From these observations, they reason that if HCL had timely complied, they would have been free to identify all ten of their "discretionary" ESI custodians under paragraph 2(b) of the Court's January 2020 order before the Court decided to require a more rigorous showing in its June 2020 order.  In other words, plaintiffs complain that they missed out on the opportunity to identify as many as 22 ESI custodians without having to show good cause for that discovery.  The Court is not sympathetic to plaintiffs' complaint.  It is precisely this kind of unrestrained and undisciplined approach to discovery that Court's June 2020 order was intended to correct.

On the other hand, plaintiffs also argue that as a result of HCL's non-compliance they did not even learn of some of the proposed custodians' names and their roles until September 2020.  The record on this point is disputed.  However, at a minimum, plaintiffs concede that two of the

---

[1] The Court signed a proposed order to which the parties had stipulated.

five proposed additional custodians—Varre and Nadgir—*were* known to plaintiffs and appeared on plaintiffs' initial list of custodians as early as December 2019. *See* Dkt. No. 174 at 4, 10. As to the other three—Antony, Shekhar, and Kumar—HCL's prior failure to identify these personnel as required weighs in favor of plaintiffs' request for discovery from these custodians.

Second, plaintiffs argue that the Court should order discovery of all five ESI custodians because they are likely to have relevant evidence. Plaintiffs showing of good cause is remarkably thin. With respect to three of the custodians—Antony, Shekhar, and Kumar—plaintiffs provide essentially no explanation for why additional ESI discovery is warranted; they assert only that these custodians had "hiring/staffing roles" in the relevant departments. Dkt. No. 174 at 5. The Court cannot discern why plaintiffs expect to discover information from these three custodians that differs from discovery they have already obtained from the other 16 custodians, including (apparently) these three custodians' direct supervisors. *See id*. at 9. With respect to the other two custodians—Varre and Nadgir—plaintiffs showing is only marginally more substantial. Plaintiffs assert that "Varre (Chief HR Officer) and Nadgir (Global Head Immigration-Policies) are executives with first-hand knowledge of the creation, implementation, and purpose of the[ ] [challenged] policies, and HCL's heavy reliance on visa workers." *Id.* at 4-5. But here too the Court cannot discern why plaintiffs expect to discover information from these custodians that differs from discovery they have already obtained from the others, including the U.S. heads of the relevant departments. The Court expects plaintiffs to articulate a factual basis for this additional discovery that supports a showing of good cause. Conclusory assertions that the discovery is relevant are insufficient.

Third, plaintiffs argue that the discovery they seek is proportional to the needs of the case. In particular, plaintiffs say that the case presents issues of "broad importance" and involves a significant amount in controversy. *Id.* at 5. Defendants respond that they have already reviewed over 400,000 ESI documents from 16 ESI custodians at an expense of over $1 million and that the additional discovery would be unduly burdensome. *Id.* at 9. Citing HCL's prior, unreliable representations about the burden of ESI collection and review, plaintiffs are skeptical that the additional custodial searches would impose an undue burden on HCL. *Id.* at 6.

Plaintiffs' arguments regarding proportionality are difficult to evaluate without a better explanation of why plaintiffs seek discovery from these specific custodians, given the discovery they have already obtained in the case. While the Court credits plaintiffs' observations that a narrowed list of search terms and de-duplication techniques can be employed to limit the burden on HCL, these measures are insufficient by themselves to overcome plaintiffs' poor showing on why the Court should permit a search of ESI for five additional custodians in the first instance.

### III. CONCLUSION

Because plaintiffs have failed to show good cause for the discovery, the Court denies plaintiffs' request for an order requiring HCL to search for responsive ESI in the files of these five additional custodians.

**IT IS SO ORDERED.**

Dated: December 17, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge