UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER and CERAFIN CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>HCL TECHNOLOGIES LTD. and HCL AMERICA, INC.,<br><br>Defendants. | Case No. 19-CV-01242-LHK<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 161, 177, 184 |

Before the Court are three administrative motions to file under seal. ECF Nos. 161, 177, 184. Plaintiffs Gregory Handloser and Cerafin Castillo ("Plaintiffs") seek to seal portions of Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in support of the Motion for Class Certification. ECF Nos. 161, 184. Plaintiffs also seek to seal portions or the entirety of exhibits attached in support of both the Motion for Class Certification and the Reply. *Id.* Defendants HCL Technologies Ltd. and HCL America, Inc. ("Defendants") seek to seal portions of Defendants' Opposition to Plaintiffs' Motion for Class Certification, and portions or the entirety of exhibits attached in support of the Opposition. ECF No. 184.

Having considered the parties' motions, the relevant law, and the record in this case, the

Court hereby DENIES without prejudice the parties' administrative motions to file under seal.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, the documents that the parties seek to seal are related to a motion for class certification. "A class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claims.'" *McCurley v. Royal Seas Cruises, Inc.*, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)). Indeed, most district courts to consider the question have found that motions for class certification are "more than tangentially related to the underlying cause of action" and therefore apply the "compelling reasons" standard. *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *2 (N.D. Cal.

2

1  Dec. 20, 2016) (collecting cases). Accordingly, the compelling reasons standard applies to the
2  parties' sealing motions. *See, e.g., Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018
3  WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (applying compelling reasons standard).

4  In addition, parties moving to seal documents must comply with the procedures established
5  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
6  that establishes the document is "sealable," or "privileged, protectable as a trade secret or
7  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be
8  narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local
9  Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a
10 "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table
11 format each document or portion thereof that is sought to be sealed," as well as an "unredacted
12 version of the document" that "indicate[s], by highlighting or other clear method, the portions of
13 the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

## II. DISCUSSION

The parties seek to seal 69 exhibits and declarations in addition to portions of the Motion for Class Certification, Opposition, and Reply. *See* ECF Nos. 161, 177, 184. The parties seek to file these documents under seal for a number of reasons, including that these documents contain (1) HCL's confidential business information; (2) HCL's confidential staffing processes and strategies; (3) HCL's confidential employment data; and (4) personal information of individuals who are not parties to this lawsuit. *See, e.g.*, ECF No. 164-1, at 2–4; ECF No. 185-1, at 2–4. Plaintiffs allege that the documents that Plaintiffs seek to file under seal have been designated as "confidential" or "highly confidential" by Defendants in discovery. *See* ECF No. 164-1, at 1; ECF No. 184, at 2. A motion for class certification is more than tangentially related to the underlying cause of action. *Ford Motor Co.*, 2016 WL 7374214, at *2. Thus, the compelling reasons standard applies to the parties' sealing motions. *Hadley*, 2018 WL 7814785, at *2.

Having reviewed the parties' sealing requests and the documents to be sealed, the Court finds that the parties' sealing requests are overbroad or lack sufficient justification. First, the

parties seek to seal 57 exhibits in their entirety.  The Court notes that "[i]f a sealing request is properly narrowly tailored, it will be relatively rare that an entire document will be sealable." *Hadley*, 2018 WL 7814785, at *3.  Second, although the parties have sought more narrowly tailored redactions in the remaining exhibits and declarations, many of the redactions sought are names of HCL employees or HCL clients.  *See*, e.g., ECF No. 177-7, at ¶ 2; ECF No. 177-10, at ¶¶ 4–6; ECF No. 177-12, at ¶¶ 4–6; ECF No. 177-16, at ¶ 3; ECF NO. 177-24, at ¶¶ 2–4.  The parties have provided no justification for why the names of these HCL employees and clients should be sealed.  The parties' declarations must establish the compelling reasons to seal these names.

Accordingly, the Court DENIES the parties' motions to seal without prejudice.  By March 24, 2021, the parties shall meet and confer in order to decide what information the parties will request to file under seal.  By March 31, 2021, the parties shall file a joint administrative motion to file under seal with all necessary declarations establishing the compelling reasons to seal such information.  The parties shall also comply with all other requirements set forth in Civil Local Rule 79-5(d).

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
LUCY H. KOH
United States District Judge