UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE JUNE 24, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 209 |

Plaintiffs Gregory Handloser and Cerafin Castillo ask the Court to order defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") to respond to two document requests and two interrogatories concerning HCL's policies and practices for prioritizing and screening candidates for U.S. positions. Dkt. No. 209. HCL opposes this request on the ground that the discovery is not relevant to plaintiffs' individual claims and is disproportionate to the needs of the case. *Id.* The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court denies plaintiffs' request for order compelling discovery.

**I.     BACKGROUND**

Following Judge Koh's denial of plaintiffs' motion for class certification, the parties continue to litigate plaintiffs' individual claims for (1) disparate treatment on the basis of race and citizenship in violation of 42 U.S.C. § 1981; (2) disparate treatment on the basis of race and national origin in violation of 42 U.S.C. § 2000e, *et seq.*; and (3) disparate impact on the basis of race and national origin in violation of 42 U.S.C. § 2000e, *et seq.* Dkt. No. 40 at ¶¶ 51-63.

Plaintiffs ask HCL to produce "documents sufficient to show the scope of and each change that has been made to" the policies and practices described in Exhibits 14 and 30 to plaintiffs' motion for class certification. Dkt. No. 209 at 2, Ex. A. In addition, plaintiffs' interrogatories ask HCL to "describe in detail" any such changes. *Id.*, Ex. B. Plaintiffs argue that this discovery is relevant to their claims that HCL intentionally discriminated against them and adopted policies and practices that had a disparate impact on non-Indians like them. *Id.* at 5. They say that they believe HCL has made no changes to these policies but that in the absence of confirmation from HCL, they require this discovery. *Id.* at 4.

HCL objects that plaintiffs have already obtained extensive discovery of HCL's policies and practices, and that the two purported policies HCL identifies as Exhibits 14 and 30 do not apply to plaintiffs and/or are not, in fact, policies of HCL. *Id.* at 7. HCL also objects that, even if these exhibits are construed as describing policies, it would be unduly burdensome to require HCL to review the extensive ESI production it has already made to identify documents that might qualify as changes. *Id.* at 9-10.

## II.    DISCUSSION

Plaintiffs may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

While plaintiffs are correct that evidence of discriminatory policies and practices may be relevant to show pretext, discriminatory motive or intent, or disparate impact, the Court is not persuaded that plaintiffs are entitled to additional document discovery directed to HCL's alleged policies of prioritizing visa holders and screening for cultural fit. Plaintiffs have already been afforded an extensive opportunity to obtain documents from HCL and have the same ability to search for responsive documents in the existing production. To the extent plaintiffs ask HCL to conduct additional search and collection of ESI, the Court denies that request as disproportionate to the needs of the case.

1 With respect to the corresponding interrogatories, these are problematic for two reasons.

2 First, these interrogatories appear to require HCL to accept plaintiffs' characterization of Exhibits

3 13 and 40 as reflecting policies of HCL. HCL has already responded to these interrogatories, in

4 part, by stating that they "inaccurately assum[e] the existence of a policy or practice." *See* Dkt.

5 No. 209, Ex. D at 5, 6. Second, both interrogatories appear to require HCL to review its

6 production to identify documents reflecting changes, if any, to the purported policies. Given the

7 disputed nature of Exhibits 14 and 30, plaintiffs have not demonstrated that the possible relevance

8 of the requested discovery outweighs the substantial burden of obtaining it.

9 For these reasons, the Court denies plaintiffs' request for an order compelling HCL to

10 provide this discovery.

11 **IT IS SO ORDERED.**

12 Dated: July 7, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge