UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY HANDLOSER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HCL AMERICA, INC., et al.,<br><br>Defendants. | Case No. 19-cv-01242-LHK (VKD)<br><br>**ORDER RE JULY 3, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 210 |

Defendants HCL America, Inc. and HCL Technologies, Ltd. (collectively "HCL") ask the Court to order plaintiffs Gregory Handloser and Cerafin Castillo to provide additional discovery and other relief relating to damages. Dkt. No. 210. Plaintiffs oppose the additional discovery as overbroad and unwarranted. *Id.* The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court will require Mr. Castillo to provide additional discovery, but will not require him to submit to an independent medical examination. The Court will also require Mr. Handloser to provide additional discovery.

**I.    BACKGROUND**

At issue in this case are plaintiffs' individual claims for (1) disparate treatment on the basis of race and citizenship in violation of 42 U.S.C. § 1981; (2) disparate treatment on the basis of race and national origin in violation of 42 U.S.C. § 2000e, *et seq.*; and (3) disparate impact on the basis of race and national origin in violation of 42 U.S.C. § 2000e, *et seq.* Dkt. No. 40 at ¶¶ 51-63. Both plaintiffs seek monetary relief. In addition to economic losses, both claim non-economic damages for "emotional anguish, humiliation, reputational harm, and harm to [their] familial

relationships caused by HCL's discrimination." Dkt. No. 210-2 (response to Interrogatory No. 2); Dkt. No. 211-8 (response to Interrogatory No. 2).

With respect to Mr. Castillo, HCL seeks the following discovery:

1. mental health and medical records from 2013 to present relating to injuries or symptoms allegedly caused by HCL;
2. deposition testimony regarding psychiatric treatment, as to which Mr. Castillo previously refused to testify on grounds of privilege; and
3. an independent medical examination, consisting of a clinical interview by Dr. Margo Leahy and a mental status examination by Dr. Paul Berg.

With respect to Mr. Handloser, HCL seeks the following discovery and other relief:

1. performance reviews for his work at Infosys for the period 2010-2012; and
2. a stipulation that he claims only "garden variety" emotional distress.

## II.  LEGAL STANDARDS

As a general matter, HCL may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 35 of the Federal Rules of Civil Procedure provides that, for good cause shown, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). The party seeking the examination must demonstrate that the mental or physical condition is in controversy and that good cause exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). In evaluating whether a mental condition is in controversy, courts in the Ninth Circuit typically consider whether, in addition to a claim of emotional distress, the case involves one or more of the following factors:  (1) a claim for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim

1  of unusually severe emotional distress; (4) the plaintiff's use of expert testimony to support a
2  claim of emotional distress; and (5) the plaintiff's concession that his mental condition is in
3  controversy. *See, e.g., Pringle v. Wheeler*, No. 19-cv-7432-WHO, 2021 WL 1907824 at *2 (N.D.
4  Cal. Apr, 16, 2021). Good cause requires a showing, beyond mere relevance, of specific facts
5  justifying the need for an examination. *Schlagenhauf*, 379 U.S. at 118. Relevant factors include
6  the possibility of obtaining desired information by other means, whether plaintiff plans to prove
7  his claims through expert testimony, whether the examination will yield relevant information, and
8  whether plaintiff is claiming ongoing emotional distress. *S.G. v. San Francisco Unified School*
9  *District*, No. 17-cv-05678-EMC, 2019 WL 4479447 at *3 (N.D. Cal. Sept. 18, 2019). The
10 examination must be limited to the condition in controversy. *Schlagenhauf*, 379 U.S. at 118.

**III.   DISCUSSION**

   **A.   Discovery of Mr. Castillo**

Mr. Castillo claims $400,000 in compensatory, non-economic damages. As reflected in his response to HCL's Interrogatory No. 2, Mr. Castillo claims he suffered (i) significant anxiety and emotional distress, for which he sought treatment, (ii) significant mental anguish and humiliation, and (iii) stress to his marital relationship. Although it is not clear from his interrogatory answers, Mr. Castillo says in his portion of the joint submission that he seeks non-economic damages for past mental health conditions. *See* Dkt. No. 210 at 8; Dkt. No. 210-2 (referring to mental health treatment and stress ceasing after 2019).

   **1.   Records**

HCL asks the Court to order Mr. Castillo to produce "mental health and medical records from 2013 to present for any injuries or symptoms allegedly caused by HCL." Dkt. No. 210 at 2; Dkt. No. 210-1 (Request No. 13). Mr. Castillo has agreed to produce records for the period 2018-2019, but objects to producing records before or after those dates.

The records HCL seeks are relevant to Mr. Castillo's claim that HCL's conduct caused the injuries for which he claims non-economic damages. HCL is entitled to obtain records for a reasonable period both before and after the specific period on which Mr. Castillo relies in order to test his assertions of causation. *See, e.g., Tamburri v. SunTrust Mortgage, Inc.*, No. C 11-2899

3

1  JST (DMR), 2013 WL 942499 at *3 (N.D. Cal. March 11, 2013) (permitting discovery of records
2  before claimed period of emotional distress as "[s]uch records may serve to verify the existence
3  and severity of Plaintiff's symptoms, and may provide evidence pointing to causes other than
4  Defendants' actions"). It is not clear from Mr. Castillo's response to Interrogatory No. 2 or from
5  the joint submission whether or when all of the conditions or symptoms he attributes to HCL's
6  conduct began or ceased. He states that he "did not seek medical treatment as a result of HCL's
7  discrimination after 2019," and that "[t]he stress to his marital relationship ended in 2019 and is
8  not ongoing." Dkt. No. 210-2. However, he does not say that he no longer suffers from anxiety,
9  emotional distress, mental anguish, and humiliation, nor does he disavow damages for those
10  symptoms or conditions that he may continue to experience.

11  In these circumstances, the Court will permit discovery of Mr. Castillo's mental health and
12  medical records for the same types of symptoms or conditions he claims were caused by HCL's
13  conduct beginning two years before he first applied to HCL through the present. *See Tamburri*,
14  2013 WL 942499 at *3 (limiting discovery to "records that concern the types of mental or
15  emotional distress that Plaintiff specifically has put at issue, and their accompanying mental and
16  physical symptoms, manifestations and effects").

17  **2.     Deposition**

18  HCL asks the Court to order Mr. Castillo to submit to further deposition regarding his
19  psychiatric treatment. Mr. Castillo does not dispute that he refused to answer deposition questions
20  concerning his psychiatric treatment, even though he now seeks damages relating to that
21  treatment. The Court is not persuaded that his belated agreement to produce some records of his
22  treatment renders testimony about his treatment unreasonably duplicative.

23  Accordingly, Mr. Castillo must sit for further a deposition for the limited purpose of
24  answering the questions he initially refused to answer (*see* Dkt. No. 211-6) and reasonable follow
25  up questions. The deposition may not exceed one hour.

26  **3.     Independent Mental Examination**

27  HCL asks the Court to order Mr. Castillo to submit to two separate mental examinations.
28  Mr. Castillo objects to any mental examination. Although the parties do not address the issue, the

United States District Court
Northern District of California

4

Court notes that a mental examination under Rule 35 requires a court order (absent stipulation of the parties), and HCL did not ask the Court to order such an examination until after fact discovery closed on June 28, 2021.

Mr. Castillo does not dispute that his mental condition is in controversy. His claim is not limited to "garden variety" emotion distress but includes allegations of a specific mental health condition (anxiety) that was of sufficient severity that he sought psychiatric treatment for it. Accordingly, the Court finds that the first requirement for an examination is met.

The parties dispute whether HCL has shown good cause for a mental examination of Mr. Castillo. HCL relies heavily on *Snipes v. United States*, 334 F.R.D. 667, 671 (N.D. Cal. 2020), citing Mr. Castillo's failure to produce medical records sufficient to permit HCL to assess the nature, cause, extent, expected duration, and appropriate treatment of his mental health condition and emotional distress. Mr. Castillo responds that the injuries for which he sought treatment are past and any relevant information can be obtained from his interrogatory responses and from the medical records he has agreed to produce.

HCL's request for a Rule 35 order is untimely. However, even if it were not, the Court concludes that HCL has not shown good cause for an order requiring Mr. Castillo to submit to an independent medical examination. HCL's showing is superficial and is premised almost exclusively on Mr. Castillo's failure to produce complete medical records and his failure to answer questions in deposition. As discussed above, the Court will require Mr. Castillo to remedy these deficiencies. The Court denies HCL's request for an examination.

### B. Discovery of Mr. Handloser

Mr. Handloser claims $3 million in compensatory, non-economic damages. As reflected in his response to HCL's Interrogatory No. 2, Mr. Handloser claims he suffered (i) humiliation, (ii) harm to his professional reputation, and (iii) stress to his familial relationships. Dkt. No. 211-8 (response to Interrogatory No. 2). However, he contends that he does not claim ongoing emotional distress and only ever experienced "garden variety" emotional distress. Dkt. No. 210 at 10. HCL observes that Mr. Handloser's $3 million damages amount is inconsistent with a contention that he suffered only "garden variety" emotional distress. Mr. Handloser responds that

"the non-economic damages amount cited by HCL encompasses more than emotional distress." *Id.* at 10.

### 1. Performance reviews

HCL argues that Mr. Handloser should produce the performance reviews from his work at Infosys during the period 2010-2012 because it expects these reviews will show that Mr. Handloser performed poorly, thereby undermining his current claim for 10 years' front pay based upon his history of employment. Mr. Handloser objects to this discovery on the ground that the documents requested pre-date his first application to HCL by seven years and are therefore irrelevant, and in any event, he says that HCL has subpoenaed these same records from Infosys.

The Court finds that the Infosys performance reviews are relevant to Mr. Handloser's damages claims, insofar as they may explain why he was fired from his position with that company, which may support HCL's defense to his claim regarding future employability. However, if HCL has already obtained the records from Infosys by subpoena, Mr. Handloser need not produce them himself.

### 2. Stipulation

HCL demands that Mr. Handloser stipulate that he seeks only "garden variety" emotional distress damages. Mr. Handloser refuses to so stipulate, citing his interrogatory answer which he says clearly refers to only "garden variety" emotional distress damages, in addition to other damages unrelated to emotional distress.

The Court is not persuaded that Mr. Handloser must provide the stipulation HCL demands, but some clarification of Mr. Handloser's position is required. Mr. Handloser's answer to Interrogatory No. 2 is ambiguous. To address this ambiguity, Mr. Handloser must identify the portion of the $3 million amount of "non-economic damages" he attributes to emotional distress and the portion he attributes to other sources. In addition, Mr. Handloser must clarify whether his emotional distress is ongoing, or whether it has ceased, and if so, by what date.

### IV. CONCLUSION

Plaintiffs shall provide the additional discovery specified above as follows:

Mr. Castillo shall produce his mental health and medical records by **July 21, 2021**. He

shall sit for a further deposition, not to exceed one hour, at a mutually agreeable date and time, but not later than **July 30, 2021**, unless the parties agree otherwise.

Mr. Handloser must produce his performance reviews by **July 21, 2021**, unless Infosys has already produced them. He must serve his amended response to Interrogatory No. 2 by **July 21, 2021**.

**IT IS SO ORDERED.**

Dated: July 12, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge